**Joe TURNER, Appellant,**

v.

**Charles H. LUNDQUIST, Appellee.**

No. 21091.

United States Court of Appeals
Ninth Cricuit.

April 7, 1967.

---

2. The farm operation was on a fiscal year basis, ending June 30.

Richard H. Levin, Los Angeles, Cal., for appellant.

Robert Driscoll, Hurley & Driscoll, San Marino, Cal., for appellee.

Before HAMLEY and DUNIWAY, Circuit Judges, and COPPLE, District Judge.

COPPLE, District Judge:

This action was brought for monetary relief based on alleged violations of Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. Sec. 78j(b));

Rule X–10B–5 of the Rules and Regulations of Securities Exchange Commission (17 C.F.R. 240.10B–51); and Section 17 (a) of the Securities Act of 1933 (15 U.S. C. Sec. 77q); plaintiff-appellant Turner likewise contends that he is entitled to damages for fraud and deceit under California State Law. Jurisdiction is based on 15 U.S.C. Sec. 78aa and 15 U.S.C. Sec. 77v.

On January 3, 1961, Turner purchased a $125,000 convertible debenture of United States Chemical Milling Corporation (hereinafter U.S.C.M.)—$100,000.00 for himself and $25,000.00 for one Glen Roland, an officer and director of U.S. C.M. Defendant-appellee Lundquist was, at and before the date of purchase, president of U.S.C.M.

On April 19, 1963, Turner filed an action against Roland.

On May 12, 1964, Turner filed an amended complaint in substantially the same form but naming Lundquist as an additional defendant.

On June 9, 1965, following Lundquist's Motion to Dismiss and Motion for Summary Judgment, the trial court denied the same without prejudice to the making of similar motions after filing of a pretrial order.

After filing of a pretrial order, Lundquist renewed his Motion for Summary Judgment and Motion to Dismiss for failure to state a claim for which relief can be granted to another trial judge to whom the case had been assigned. The Motion to Dismiss was granted as to Lundquist and the Motion for Summary Judgment was granted as to Lundquist on grounds that the suit was barred by the applicable statute of limitations. Turner has appealed from both decisions.

We concur with the trial court's finding that the suit is barred by the statute of limitations and therefore affirm. We do not reach the question on the Motion to Dismiss.

■ Since there is no federal statute of limitations applicable to 15 U.S.C. § 78b and 15 U.S.C. § 77q, California's three-year statute [California Code of Civil Procedure, Section 338(4)] is applicable. Errion v. Connell (9th Cir. 1956), 236 F.2d 447. The lower court so found and counsel for both parties agree that this is the longest period applicable to each count in the complaint.

The amended complaint shows on its face that the purchase of the debenture was made January 3, 1961, and the suit against the Appellee was filed May 12, 1964, more than three years later. The gist of the complaint lies in alleged false statements and omissions of fact to induce Appellant to purchase the debenture. Motion for summary judgment is a proper method for testing whether the claim is barred by the statute of limitations. 3 Barron & Holtzoff, Fed.Practice & Proc., Rules Edition, Section 1245, p. 206.

The critical issue before the trial court and for review here is whether the undisputed facts in the record presented on the motion for summary judgment show, as a matter of law, that Appellant Turner cannot successfully refute Lundquist's plea of limitations. Barron & Holtzoff, supra, at page 207. We think they do.

■ Because the alleged fraud occurred in California, and the California statute of limitations applies in this case, we must look to California law to determine when the statute begins to run so as to bar this action. A recent summation of California law on this point is contained in Helfer v. Hubert, 208 Cal.App.2d 22, 26, 27, 24 Cal.Rptr. 900, where at page 902 the Court said:

" * * * 'It is not in every case, however, that a person is barred after three years by failure to pursue an available means of discovering possible fraud. The statute commences to run only after one has knowledge of facts sufficient to make a reasonably prudent person suspicious of fraud, thus putting him on inquiry. Section 19 of the Civil Code provides: "Every person who has actual notice of circumstances *sufficient to put a prudent man upon inquiry* as to a particular

fact, has constructive notice of the fact itself in all cases in which, by prosecuting such inquiry, he might have learned such fact." (Italics added.)'

"When the facts known to the plaintiff are susceptible to opposing inferences, the question of whether he has notice of 'circumstances sufficient to put a prudent man upon inquiry' is a question fact. (Hobart v. Hobart Estate Co., supra, [26 Cal.2d] at p. 440, 159 P.2d at p. 973; Ramey v. General Petroleum Corp., 173 Cal.App.2d 386, 400, 343 P.2d 787; Sime v. Malouf, 95 Cal.App.2d 82, 104, 212 P.2d 946, 213 P.2d 788.) On the other hand, when knowledge had by or imputed to plaintiff is such as to compel the conclusion that a prudent man would have suspected the fraud, the court may determine as a matter of law that there had been 'discovery.' (Bainbridge v. Stoner, 16 Cal.2d 423, 430, 106 P.2d 423; Lady Washington Consol. Co. v. Wood, 113 Cal. 482, 486, 45 P. 809; Haley v. Santa Fe Land Imp. Co., 5 Cal.App.2d 415, 42 P.2d 1078.)"

Are there, then, sufficient undisputed facts in the record to uphold the lower court's findng that, as a matter of law, Turner's action is barred by the statute of limitations?

Turner alleged in his amended complaint the following misrepresentations of fact:

1. U.S.C.M. was in sound financial condition;

2. The offered debentures were a sound, secure investment;

3. The debentures were being offered to sophisticated investors who were purchasing for purposes of long-range investment;

4. The purchasers were acquiring said debentures for investment, with no present intention of converting and selling the shares;

5. The issue would be oversubscribed;

6. The debentures were exempt from registration under the Securities Act of 1933; and

7. Financial statements of U.S.C.M. which were shown to plaintiff represented truly and fairly the condition of the business and affairs of said corporation.

Turner also alleged in his amended complaint the following omissions of fact:

1. Roland was a creditor of U.S.C.M.;

2. Defendants stood to benefit from the sale of the debentures;

3. U.S.C.M.'s financial condition had worsened;

4. U.S.C.M. had suffered drastically-changed business conditions and the curtailment of a major military program;

5. The financial statements issued for the fiscal year ending January 31, 1961, would show greater losses than previously disclosed;

6. Certain debenture purchasers intended to immediately convert their debentures into common stock;

7. And sell the stock; and

8. Roland had invested in, or intended to invest in, a subsidiary of U.S.C.M., to the detriment of U.S.C.M.

Lundquist, in support of his motion for summary judgment, filed an affidavit together with voluminous supporting exhibits tending to show that prior to May 12, 1961, Turner had adequate information and knowledge to put a reasonably prudent man on inquiry as to possible fraud so as to commence the running of the period of limitation. The affidavit was sufficient in form and substance to support his motion.

Turner filed no controverting affidavit on his own behalf. His second counsel filed, over counsel's signature, a document entitled "Declaration * * * and Memorandum in Opposition to Motion for Summary Judgment". This document merely sets forth certain al-

leged facts discovered by *counsel* in 1965, but is silent as to what or when any facts were discovered by Turner so as to put *him* on notice or inquiry as to possible fraud. Failure to discover all the details of a fraud does not prevent the statute from running. Sheehan v. Municipal Lt. & Pwr., 54 F.Supp. 169, 175. Turner's first counsel had previously filed a personal affidavit in connection with the first motion for summary judgment, which was hearsay and conclusionary in nature and wholly inadequate under the provision of Rule 56, F.R.Civ.P., to defeat Lundquist's motion for summary judgment. DePinto v. Donahue (9th Cir. Nos. 20,308 and 20,656, decided February 24, 1967), 374 F.2d 50. No other controverting affidavits were filed by or on behalf of Turner, nor any other documentary or other evidence offered to establish a material issue of fact on the statute of limitations question.

■ Federal procedure does not require a plaintiff to allege the time and circumstances of the discovery of the fraud in his complaint. However, when the matter is raised on defendant's motion for summary judgment, the plaintiff cannot save his evidence until trial but "must sufficiently disclose what the evidence will be to show that there is a genuine issue of fact to be tried." Matute v. Carson Long Institute, D.C., 160 F.Supp. 827, 832, quoting from Surkin v. Charteris (5th Cir.), 197 F.2d 77, 79. See also Kasey v. Molybdenum Corp. of Amer. (9th Cir.), 336 F.2d 560, 575.

■ In addition, the record reveals, and Turner has not denied, numerous facts which came to his attention prior to May 12, 1961 (three years prior to filing his amended complaint), sufficient in the view of this Court to have put him upon notice and inquiry and commenced the running of the period of limitation as a matter of law. Some of these facts are reflected in the footnote.[1]

The motion for summary judgment was properly granted.

---

1. a. Letter dated *December 1, 1960*, U.S.C.M. by Lundquist to Turner, transmitting copies of 1958, 1959 and 1960 annual reports for fiscal years ending January 31 and stating in part:

"A net loss of $552,932 on sales of $3,504,504 for the six months ended July 31, 1960 was reported through the financial press following the letter to shareholders, dated August 17, 1960.

"To date, the Company has not returned to profitable operations and a substantial year-end loss is indicated.

"Because business conditions prevailing generally, and in specific areas directly affecting the Company's activities, remain unfavorable and substantially unsettled and unpredictable, *any attempted comment on the fiscal 1961 outlook is reduced to pure speculation. * * *"* (italics added)

b. The above-mentioned letter of August 17, 1960, copy of which accompanied the above letter of *December 1, 1960*, stated in part:

"* * * it is expected that an after-tax-credit loss of approximately $500,000 will be reported for the six months ended July 31, 1960."

c. Financial statement of U.S.C.M. for period ending 9–30–60, transmitted to Turner with 12–1–60 letter refers to effect of "Conversion of the Subordinated Convertible Notes issued in cancellation of indebtedness ($664,005.00) into 55,333 shares of $1.00 par common stock at $12.00 per share *pursuant to an agreement to convert them into common stock prior to 1–31–61"* (italics added)

d. Letter from U.S.C.M. by Lundquist to Turner dated *April 25, 1961*, enclosing Consolidated Balance Sheet for fiscal year ending January 31, 1961, reflecting shareholders' equity of $4,372,485 as of January 31, 1960, as compared with $2,546,627 as of January 31, 1961; and retained earnings of $657,402 at January 31, 1960, and retained earnings deficit of $1,832,451 at January 31, 1961.

e. Turner received from U.S.C.M. by Lundquist, letter dated April 18, 1961, stating in part as follows:

"The Company's operations for the fiscal year ended January 31, 1961, resulted in net sales of $6,216,249 and a net loss of $2,489,853, which includes approximately $1,600,000 of nonrecurring costs. This compares with sales of $10,045,155 and earnings of $351,812 for the preceding year.

f. In the fall of 1960 Turner's banker, at Turner's request, investigated U.S.C.M. and advised Turner against making the investment. At that time Turner admits to being "edgy" about the debenture purchase.