Eleanor **DOUGLASS**, Appellee,

v.

**GLENN E. HINTON INVESTMENTS, INC., a corporation, Appellant.**

No. 25675.

United States Court of Appeals,
Ninth Circuit.

Feb. 17, 1971.

On Petition for Clarification
March 24, 1971.

Wilbert C. Anderson (argued), of Jones, Grey, Bayley & Olsen, Seattle, Wash., for appellant.

Thomas H. S. Brucker (argued), of Stern, Gayton, Neubauer & Brucker, George W. Akers, Seattle, Wash., for appellee.

Before HAMLEY, KOELSCH and WRIGHT, Circuit Judges.

HAMLEY, Circuit Judge:

Eleanor Douglass brought this action against Virgil Russell and Glenn E. Hinton Investments, Inc. (Hinton) to recover the damages she sustained in purchasing securities from Russell, a broker employed by Hinton. Four of plaintiff's six claims, as set out in her complaint, are based upon federal statutes and agency rules promulgated thereunder.[1] The fifth and sixth claims are based upon theories of fraud and negligent misrepresentation under the law of the State of Washington where the transactions occurred.

Hinton moved for summary judgment in its favor on the ground that plaintiff's claims are barred by the applicable

---

1. Section 10(b) of the Securities Exchange Act of 1934 (Act), 15 U.S.C. § 78j and Rules 10b–3 and 10b–5 implementing that section (17 C.F.R. §§ 240.10b–3 and 240.10b–5); section 20(a) of the Act, 15 U.S.C. § 78t; and section 17 of the Securities Act of 1933, 15 U.S.C. § 77q.

statutes of limitations. The district court denied the motion. The court held that the federal claims were governed by the limitations period of Wash.Rev.Code 4.16.080(4) and that, under that statute, these four claims are not barred.[2] Hinton then took this interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

The federal claims arise from alleged violations of federal laws, which violations occurred between June 1964 and June 1965. Mrs. Douglass asserted that she had no reason to know of the violations until December 1965, when she discovered that the corporation in which Russell had induced her to invest was bankrupt. This action was commenced on July 24, 1968.

Plaintiff's first two claims, involving precisely the same alleged facts, are directed primarily against Russell. The first claim charges him with violations of section 10(b) of the Act and Rule 10b–5. The second charges him with violations of section 10(b) and Rule 10b–3. Plaintiff's fourth claim is directed against Russell's employer, Hinton, and asserts that, pursuant to section 20(a) of the Act, Hinton is vicariously liable for Russell's derelictions alleged in the first two claims. Plaintiff's third claim invokes section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q. Since this appeal involves only defendant Hinton, and since the vicarious liability, if any, under section 20(a) of the Act, pertains only to plaintiff's claims against Russell under section 10(b) of the Act, we need not discuss the timeliness of plaintiff's third claim, which is directed against Russell and involves the Securities Exchange Act of 1933.

Hinton argues that plaintiff's second claim is barred by 15 U.S.C. § 78cc(b). Under the second claim, Hinton's vicarious liability is expressly based upon Russell's liability as a broker under Rule 10b–3. This rule proscribes a broker's use of "manipulative, deceptive, or other fraudulent device or contrivance," as the term is used in section 15(c) (1) of the Act, 15 U.S.C. § 78o(c) (1). Certain securities contracts are voided by 15 U.S.C. § 78cc(b), and proviso B of that section provides that no contract shall be deemed void by reason of the violation of any rule or regulation prescribed pursuant to section 15(c) (1) unless an action is brought within one year of discovery of the violation.

■ By its expressed terms, the limitations period of 15 U.S.C. § 78cc(b) applies to actions brought in reliance upon that section. Mrs. Douglass does not assert that the contracts in question are void, nor does she seek to set them aside as void. The only relief she desires is monetary damages on the basis of fraud and misrepresentation in violation of federal statutes and rules, and upon common law principles. It follows that the one year statute of limitations prescribed in 15 U.S.C. § 78cc(b) has no application to plaintiff's second claim for damages based upon Rule 10b–3, nor to any other claim asserted in the complaint.

■ Hinton does not contend that there is any other federal statute of limitations which bars any of plaintiff's four federal claims. In a case such as this, where there is no applicable federal statute of limitations, it is federal policy to adopt and apply an appropriate local law of limitations. Sackett v. Beaman, 399 F.2d 884, 890 (9th Cir. 1968). Both parties here agree that Washington is the state to which we must look for an appropriate local law of limitation.

In Fratt v. Robinson, 203 F.2d 627 (9th Cir. 1953), this court adopted and applied Rem.Rev.Stat. § 159(4), now Wash.Rev.Code 4.16.080(4) as the appropriate limitation statute with respect to section 10(b) actions based upon transactions occurring in the State of Washington. This statute provides that an action for relief upon the ground of

---

2. The district court did not determine whether plaintiff's fifth and sixth claims are barred by any statute of limitations.

fraud must be brought within three years after it accrues. The cause of action is not deemed to have accrued, within the meaning of that statute, until the discovery by the aggrieved party of the facts constituting the fraud. Our selection of this statute as the appropriate limitation was adhered to in Errion v. Connell, 236 F.2d 447 (9th Cir. 1956). In Turner v. Lundquist, 377 F.2d 44 (9th Cir. 1967), upon the authority of *Fratt* and *Errion,* we adopted and applied the California general fraud limitations statute in an action in which California was the source of local law. *Turner* was followed in Sackett v. Beaman, 399 F.2d 884, 890 (9th Cir. 1968), also involving a California transaction.

■ If we here apply the Washington statute of limitations pertaining to general fraud actions, the claims in question, for purposes of summary judgment, are not barred and affirmance would be indicated. Hinton, however, correctly points out: (1) in a civil action for violation of section 10(b) of the Act, not all the elements of common law fraud need be shown. *See* Ellis v. Carter, 291 F.2d 270 (9th Cir. 1961) (scienter unnecessary); and (2) after *Fratt* and *Errion* were decided, the Washington Legislature enacted a provision for civil liability for sales of securities by means of fraud or misrepresentation (Wash.Rev.Code 21.20.430[1]), as to which the governing Washington statute of limitations allows three years but does not provide that such an action accrues only upon discovery of the fraud.[3]

Therefore, argues Hinton, the appropriate choice now should be Wash.Rev. Code 21.20.430(3), the local limitations statute governing fraud or misrepresentation in the sale of securities, rather than Wash.Rev.Code 4.16.080(4), which is the local limitations period governing general fraud.

■■ In the absence of an applicable federal statute of limitation, the question of which local limitations period is appropriate calls for a consideration of the objectives of the substantive federal statute and how they can best be achieved. *See* International Union, United Auto Workers v. Hoosier Cardinal Corp., 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966). This is quite different from our duty in cases involving rights derived from state law where federal courts must approximate state law as closely as possible in order to make sure that the vindication of the state right is without discrimination because of the federal forum. *See* Holmberg v. Armbrecht, 327 U.S. 392, 395, 66 S.Ct. 582, 90 L.Ed. 743 (1946).

■ A statutory claim in the courts of Washington for misrepresentation in the sale of securities must now be brought within three years of the contract of sale, without extension of the period for reasonable failure to discover the fraud. There may be quite valid reasons for so limiting claims arising from transactions governed by the local securities laws. However, we think that the objectives of federal policy can best be achieved by applying the general

---

3. Wash.Rev.Code 21.20.430(1) gives a cause of action to a purchaser victimized by a seller's fraud or misrepresentation. Wash.Rev.Code 21.20.430 (3) provides no "person may sue under this section more than" three years after the contract of sale. Prior to 1967 the limitations period was two years from the contract of sale.

Wash.Rev.Code 21.20.010 provides in part that it is unlawful for anyone, in connection with the offer, sale or purchase of any security, directly or indirectly to misstate or omit a material fact. In Sher-

mer v. Baker, 2 Wash.App. 845, 472 P.2d 589 (1970), the Washington Court of Appeals, Division 2, held that Wash.Rev. Code 21.20.010 provides a civil remedy for sellers, and that it is to be interpreted to correspond with section 10(b) of the Act and Rule 10b–5 promulgated thereunder. For purposes of addressing appellant's arguments, we assume that the local law equivalent of section 10(b) of the Act is governed by the limitations period of Wash.Rev.Code 21.20.430(3).

fraud limitations period of Washington, as we have in the past.

■ We are aware of no federal appellate decision in which the limitation period governing a section 10(b) action has been held to begin before the plaintiff reasonably could discover the violation of section 10(b) of the Act. In other circuits, where other than a general fraud provision has been chosen, federal law has been held to require that the running of the statute be tolled until plaintiff's reasonable opportunity to discover the fraud.[4] We think the Washington limitation applicable in general fraud cases is superior to the local securities act limitation statute in this regard.

■ Moreover, for us to change the applicable limitation period because the local law of securities regulation has changed would add an unnecessary uncertainty to the prosecution of federal claims under section 10(b). We do not believe federal policy is advanced by changing the law governing the timeliness of federal claims to correspond with each change in the substantive elements of a claim under the local securities law. Aggrieved persons have come to rely upon our prior holdings. Reasonable stability in laws pertaining to voluntary relationships between parties, and the right of access to the courts to question those relationships, is a worthwhile objective as well.[5]

Affirmed.

4. *See* Vanderboom v. Sexton, 422 F.2d 1233 (8th Cir. 1970) ; Janigan v. Taylor, 344 F.2d 781 (1st Cir. 1965).

5. In its petition for clarification, Hinton suggests that our opinion herein might foreclose it from establishing certain facts which were in dispute at the time summary judgment was denied. At the time the district court denied summary judgment, Hinton claimed that Mrs. Douglass had "discovered the fraud" more than three years prior to the filing of this action whereas Mrs. Douglass claimed otherwise. The district court could not, therefore, have granted Hinton's motion for summary judgment following its determination that the three-year general fraud statute applies here since the facts were in dispute. While we agree with the district court, our conclusions do not foreclose Hinton from attempting to prove its contention that this action is barred even though the three-year statute of limitations applies.