**Dell L. HOFFERT et al., Plaintiffs,**

v.

**E. F. HINKLE & COMPANY, INC.,
Defendants.**

**Civ. No. 71-809.**

United States District Court,
D. Oregon.

Aug. 18, 1972.

Ben T. Gray, Gray & Peterson, Portland, Or., for plaintiffs.

Norman J. Wiener, Miller, Anderson, Nash, Yerke & Wiener, Portland, Or., for defendants.

## OPINION

BURNS, District Judge:

This action, brought under Securities and Exchange Commission (SEC) Rule 10b–5, 17 C.F.R. § 240.10b–5, is now before the Court on the motion of E. F. Hinkle & Company (defendant) for summary judgment on the ground that the action is time barred.

Defendant is a broker dealer and was the original underwriter for the initial offering of 250,000 shares of common stock of Automated Services, Inc. (ASI).

Each of the three named plaintiffs purchased ASI stock. Plaintiff Hoffert bought 400 shares at $2.00 a share on the opening date of November 14, 1967. Plaintiff Ken Gratteri bought 200 shares at $5.50 per share on February 28, 1968. Plaintiff Len Gratteri bought 100 shares at $9.00 per share on May 7, 1969.

Defendant made the initial offering of 250,000 shares in November, 1967, on an intrastate sale on a prospectus and registration statement filed with the Oregon Corporations Commissioner. In September, 1968, defendant was a joint underwriter for a second interstate public issue of $1,000,000 of ASI debentures on a prospectus under a registration statement filed with the SEC.

On November 14, 1971, plaintiffs filed this action in which they allege that they, as well as all members of the class which they represent, are entitled to recover under SEC Rule 10b–5 because of the material misrepresentations in the 1967 prospectus and other fraudulent representations and actions by the defendant.

The parties agree there is no applicable federal statute of limitations,

and hence we must look to an Oregon statute of limitations. They disagree in part as to which Oregon statute should apply.

In brief, plaintiffs claim that either the six year statute, ORS 12.080, or the two-year statute, ORS 12.110(1), should apply. Defendant asserts either the three-year securities action statute, ORS 59.115, or the two-year statute, ORS 12.-110(1), should apply.

First, I take up plaintiffs' contention that the six-year limitation, for actions brought on implied contract or for actions upon a liability created by statute, provided by ORS 12.080, should apply.[1] The opinion in Douglass v. Glenn E. Hinton Investments, Inc., 440 F.2d 912, 914–915 (9th Cir. 1971), reaffirmed the earlier decision of Fratt v. Robinson, 203 F.2d 627, 634–635 (9th Cir. 1953), which had rejected a similar argument under Washington law. In view of these cases, this contention by plaintiffs lacks merit.

Next, I examine defendant's contention that the three-year limitation, for actions brought for the unlawful sale of securities in violation of the Oregon Securities Law, ORS 59.115(5),[2] should apply. The period runs for three years measured from the date of the sale of the securities. This contention appears to have some merit, since the cases require the selection of the most appropri-

ate state statute. Defendant calls for the Court to follow Parrent v. Midwest Rug Mills, 455 F.2d 123 (7th Cir. 1972), a decision adopting a similar Illinois Securities Law three-year statute of limitations. However, for the reasons stated below, I believe the consistent line of Ninth Circuit Decisions forecloses this Court from adopting this position.

The opinion in the Douglass case—gives a comprehensive review of the evolution of the position of the Ninth Circuit as to the applicable state statute of limitations in SEC Rule 10b–5 actions. Before Douglass, the Ninth Circuit had considered the issue as it arose in the District Courts of California, Sackett v. Beaman, 399 F.2d 884 (9th Cir. 1968), and Turner v. Lundquist, 377 F.2d 44 (9th Cir. 1967), and the District Courts of Washington, Errion v. Connell, 236 F.2d 447 (9th Cir. 1956), and Fratt v. Robinson, 203 F.2d 627 (9th Cir. 1953). The Ninth Circuit consistently applied the respective state's general fraud statute of limitations, each of which had a period of three years.[3] Under both statutes an action is deemed not to have accrued until discovery by the aggrieved parties of the facts constituting the fraud.

By the time Douglass came to the Ninth Circuit, the Washington Legislature had enacted Wash.Rev.Code 21.20.-430,[4] a statute comparable to ORS 59.-

---

1. ORS 12.080. Within six years. (1) An action upon a contract or liability, express or implied, excepting those mentioned in ORS 12.070 and 12.110 and except as otherwise provided in ORS 72.-7250.

2. ORS 59.115(5). No action or suit may be commenced under this section more than three years after the sale.

3. Cal.Code Civ.Pro. § 338. Three years; statutory liability, exception; trespass or injury to realty; taking, detaining or injuring goods or chattels; fraud or mistake; bond of public official; notary public, additional time, maximum limit; slander of title
Within three years;

   .     .     .     .

(4) An action for relief on the ground of fraud or mistake. The cause of action in such case not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake.

  .    .    .    .    .

Wash.Rev.Code 4.16.080. Actions limited to three years. Within three years:

  .    .    .    .    .

(4) An action for relief upon the ground of fraud, the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud.

4. Wash.Rev.Code 21.20.430. Civil liabilities—Survival, limitation of actions—Waiver of chapter void.

<p>

115 governing civil liability for unlawful or fraudulent sale of securities. The statute incorporated a three-years-from-date-of-the-contract-of-sale statute of limitations.[5] Appellant in *Douglass* argued that the securities statute had become the applicable law, and that the incorporated statute of limitations should be applied in SEC Rule 10b–5 cases.

The Ninth Circuit rejected this contention, saying:

> "In the absence of an applicable federal statute of limitation, the question of which local limitations period is appropriate calls for a consideration of the *objectives of the substantive federal statute* and how they can best be achieved . . . .

> "[T]here may be quite valid reasons for so limiting [to a period within three years of the contract of sale] claims arising from transactions governed by the local securities laws. However, we think that *the objectives of federal policy can best be achieved* by applying the general fraud limitations period . . . as we have in the past.

> "We are aware of no federal appellate decision in which the limitations period governing a section 10(b) action has been held to begin before the *plaintiff reasonably could discover the violation of section 10(b) of the Act.* In other circuits, where other than a general fraud provision has been chosen, *federal law has been held to re-*

---

(1) Any person, who offers or sells a security in violation of any provisions of RCW 21.20.140 through 21.20.230, or offers or sells a security by means of fraud or misrepresentation is liable to the person buying the security from him, who may sue either at law or in equity to recover the consideration paid for the security, together with interest at six percent per annum from the date of payment, costs, and reasonable attorneys' fees, less the amount of any income received on the security, upon the tender of the security, or for damages if he no longer owns the security. Damages are the amount that would be recoverable upon a tender less (a) the value of the security when the buyer disposed of it and (b) interest at six percent per annum from the date of disposition.

(2) Every person who directly or indirectly controls a seller liable under subsection (1) above, every partner, officer, or director (or person occupying a similar status or performing similar functions) or employee of such a seller who materially aids in the sale, and every broker-dealer or salesman who materially aids in the sale is also liable jointly and severally with and to the same extent as the seller, unless the nonseller who is so liable sustains the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of the existence of the facts by reason of which the liability is alleged to exist. There is contribution as in cases of contract among the several persons so liable.

(3) Any tender specified in this section may be made at any time before entry of judgment. Every cause of action under this statute survives the death of any person who might have been a plaintiff or defendant. No person may sue under this section more than three years after the contract of sale. No person may sue under this section (a) if the buyer received a written offer, before suit and at a time when he owned the security, to refund the consideration paid together with interest at six percent per annum from the date of payment, less the amount of any income received on the security, and he failed to accept the offer within thirty days of its receipt, or (b) if the buyer received such an offer before suit and at a time when he did not own the security, unless he rejected the offer in writing within thirty days of its receipt.

(4) No person who has made or engaged in the performance of any contract in violation of any provision of this chapter or any rule or order hereunder, or who has acquired any purported right under any such contract with knowledge of the facts by reason of which its making or performance was in violation, may base any suit on the contract. Any condition, stipulation, or provision binding any person acquiring any security to waive compliance with any provision of this chapter or any rule or order hereunder is void. (Amended by Laws 1967 ch. 199 § 2.)

5. See Wash.Rev.Code 21.20.430(3) at footnote 4 *supra.*

*quire that the running of the statute be tolled until plaintiff's reasonable opportunity to discover the fraud. We think the . . . limitation applicable in general fraud cases is superior to the local securities act limitation in this regard." Douglass v. Glenn E. Hinton Investments, Inc., 440 F.2d 912, 915–916 (9th Cir. 1971) (emphasis added) (citations deleted).*

6. The Washington statutory securities law deals with both the illegal and the fraudulent sale of securities. The Oregon Securities Law deals with the two offenses in two separate statutes. The Oregon Legislature enacted ORS 59.115 to provide civil liability for the unlawful sale of securities in violations of the Oregon Securities Law or for the sale of securities by material misrepresentation (ORS 59.115(1)(a) and (b). The statute does not use the language of fraud. In the same session the Legislature also enacted ORS 59.135, which closely follows the form of SEC Rule 10b–5, 17 C.F.R. § 240.10b–5, and which does use the language of fraud. However, ORS 59.135 does not include any statute of limitations.

59.115 Liability of person offering or selling securities unlawfully; limitations on proceeding. (1) Any person who:

(a) Offers or sells a security in violation of the Oregon Securities Law or of any rule or order of the commissioner, or of any condition, limitation or restriction imposed upon a registration under the Oregon Securities Law; or

(b) Offers or sells a security by means of an untrue statement of a material fact or an omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading (the buyer not knowing of the untruth or omission), and who does not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of the untruth or omission,

is liable as provided in subsection (2) of this section to the person buying the security from him.

ORS 59.115(5) is a statute of limitations analogous to Wash.Rev.Code 21.20.-430(3). In view of the language of the *Douglass* opinion requiring consideration of the "objectives of the substantive federal statute" and how they may "best be achieved," I conclude that ORS 59.-115(5) is not the most appropriate statute.[6]

(2) The purchaser may recover, in addition to costs and reasonable attorney fees at trial and on appeal:

(a) Upon tender of the security, the consideration paid for the security, and interest from the date of payment at the rate of six percent per annum, or at the rate provided in the security if the security is an interest-bearing obligation, less any amount received on the security; or

(b) If he no longer owns the security, damages in the amount that would be recoverable upon a tender, less the value of the security when the purchaser disposed of it and less interest on such value at the rate of six percent per annum from the date of disposition.

(3) Every person who directly or indirectly controls a seller liable under subsection (1) of this section, every partner, officer, or director of such seller, every person occupying a similar status or performing similar functions, and every person who participates or materially aids in the sale is also liable jointly and severally with and to the same extent as the seller, unless the non-seller sustains the burden of proof that he did not know, and, in the exercise of reasonable care, could not have known, of the existence of the facts on which the liability is based. Any person held liable under this section shall be entitled to contribution from those jointly and severally liable with him.

(4) Any tender specified in this section may be made at any time before entry of judgment.

(5) No action or suit may be commenced under this section more than three years after the sale.

Finally, I turn to the alternative contention of both parties that the two-year statute of limitations—the general fraud statute—ORS 12.110, should apply.[7]

■ The two year period of limitations in ORS 12.110(1) is subject to a proviso: "the limitation shall be deemed to commence only from the discovery of the fraud or deceit." As a matter of federal law, an equitable doctrine is read into the statute of limitations in an action under SEC Rule 10b–5 that the running of the statute is tolled until actual discovery of the fraud or until plaintiff "had failed in reasonable diligence to discover the alleged deception . . . ." Holmberg v. Armbrecht, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946), *Douglass*, supra, 440 F.2d at 916.

The adoption of ORS 12.110 as the applicable Oregon statute of limitations would be consistent with the policy expressed in prior Ninth Circuit decisions.

■ I conclude that in SEC Rule 10b–5 cases in Oregon the proper statute of limitations to apply is the two year period of ORS 12.110. I further conclude, as a matter of federal law, that the claim accrues and the period of limitations starts to run either upon actual discovery of the fraud, or at such time as a reasonably prudent person, similarly situated, should have discovered the fraud.

■ Because of the foregoing views, and because there is a genuine issue of material fact, defendant's motion for summary judgment is denied.

Plaintiffs filed the complaint in this action on November 14, 1971. Later they sought by appropriate motion to have the case determined to be a proper class action. On January 13, 1972, the Court ordered the case continued as a class action. The Court's opinion stressed possible statute of limitations problems in the case. It suggested to counsel the advantages of cooperation on an early determination of the problems of fact, since it appeared that the claims of some members of the class might be barred by the limitations of the applicable statute. It appears that the suggested cooperation has not occurred. No no-

(6) Any person having a right of action against a broker-dealer, or against a salesman acting within the course and scope or apparent course and scope of his authority, under this section shall have a right of action under the bond provided in ORS 59.175.

[1967 c. 537 § 13(1), (2), (3), (4), (5), (7),]

59.135 Fraud and deceit with respect to securities or securities business. It is unlawful for any person, directly or indirectly, in connection with the purchase or sale of any security or the conduct of a securities business or for any person who receives any consideration from another person primarily for advising the other person as to the value of securities or their purchase or sale, whether through the issuance of analyses or reports or otherwise:

(1) To employ any device, scheme or artifice to defraud;

(2) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made; in the light of the circumstances under which they are made, not misleading;

(3) To engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person; or

(4) To make or file, or cause to be made or filed, to or with the commissioner any statement, report or document which is known to be false in any material respect or matter.

[1967 c. 537 § 14]

7. ORS 12.110(1). Within two years; determination of period in action for fraud or deceit; injuries to person from professional malpractice, (1) an action for assault, battery, false imprisonment, for criminal conversation, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years; provided, that in an action at law based upon fraud or deceit, the limitation shall be deemed to commence only from the discovery of the fraud or deceit.

tice has been distributed to the class. At my suggestion, depositions of the second and third named plaintiffs were taken in open court. Discovery was limited to the area of discovery by plaintiffs of the alleged fraud. It is apparent from those depositions, and from the deposition of the plaintiff Hoffert taken at an earlier date, and in light of this ruling, that extremely difficult and disparate questions of fact will be presented as to the statute of limitation defense urged by the defendant. Thus, a close, difficult and separate factual decision will be presented by each of the three named plaintiffs. It seems likely that the same is true of each member of the class, which has been estimated to have from 800 to 900 members. In these circumstances, it may well be questioned whether the previous designation of the class action is any longer appropriate.

The matter will be set down for hearing on the 31st day of August, 1972, at 9:00 A.M. on this question.

This opinion shall constitute findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52(a).