**Walter E. WINKELMAN and Paul F. Becker, Plaintiffs,**

v.

**BLYTH & CO., INC., a Delaware Corporation, Defendant.**

**Elmer G. ANDERSON et al., Plaintiffs,**

v.

**BLYTH EASTMAN DILLON & CO. et al., Defendants.**

**Nos. 72–474 and 73–185.**

United States District Court, D. Oregon.

Aug. 31, 1973.

16. *See* note 7, *supra*.

William B. Murray, Portland, Or., for plaintiffs.

Leigh D. Stephenson, Dezendorf, Spears, Lubersky & Campbell, Portland, Or., for defendants.

## OPINION AND ORDER

SKOPIL, District Judge.

Defendants move for summary judgment pursuant to Fed.R.Civ.P. 56. The defendants allege that the plaintiffs' actions are barred. ORS 59.115(5) and 12.110(1).

Defendant Blyth, Eastman, Dillon & Co. is a broker-dealer. Thomas Moore, a security salesman and vice president of the corporation, and John Van Laningham, a security salesman of the corporation, are also named as defendants.

In *Anderson,* filed March 8, 1973, plaintiffs contend that defendants sold them shares of Aseco, Inc. between June 25, 1968, and March 5, 1969, in violation of Section 10(b) of the Securities Exchange Act of 1934, Rule 10b–5, § 17(a) of the Securities Act of 1933, and ORS 59.135.

In *Winkelman,* filed June 13, 1972, plaintiffs contend that defendants sold them shares of Aseco, Inc. between November 18, 1968, and December 26, 1968, in violation of § 17(a) of the Securities Act of 1933, Rule 10b–5, and § 10(b) of the Securities Exchange Act of 1934.

The cases were consolidated for pretrial.

The purchases of stock by the plaintiffs occurred independently of each other. Each allege that the defendants misrepresented the financial and operating condition of Aseco in stating:

1) Aseco was a sound investment grade security and a viable, going company with a good outlook for the future.

2) Aseco shares would rise in price within a short time.

3) Aseco was to merge in the near future with Whale, Inc., thus increasing the value of the shares.

Plaintiffs contend that Blyth, in an attempt to induce plaintiffs to buy Aseco, made these representations without a factual basis for making the predictions and without investigating Aseco.

On June 12, 1969, Aseco sent a letter to shareholders which set out numerous adverse factors about the company. The letter revealed that:

1) The proposed merger with Whale, Inc. would not be consummated.

2) The company had lost contracts with the federal government and International Harvester. The contracts had produced 100% of reported income for the year ending February 28, 1969.

3) Four of the five Aseco plants were idle, with sales of equipment and facilities contemplated.

4) The company had been unable to locate new business for its plants.

5) A $700,000 note was due on June 16, 1969. The company was conferring with the bank for a renewal of the note and conversion of an indebtedness of $900,000 into a long-term obligation.

6) Former directors and officers had filed legal action against the company.

7) Recent changes of officers and directors.

8) Book value of the stock was about $5.00 per share.

9) Current operating losses would continue unless new business was found.

At the time of the June 12, 1969, letter, each of the plaintiffs were stockholders of Aseco. The 1969 annual report to shareholders, the notice of annual meeting and proxy statements issued on August 1, 1969, confirmed the disasterous condition of the company.

■ The latest sale in *Anderson* occurred on March 5, 1969. ORS 59.-115(5) provides that no action or suit under the Oregon Securities Law may be commenced by a purchaser more than three years after the sale. The complaint in *Anderson* was filed on March 8, 1973, more than four years after the last sale. The claim brought under ORS 59.135 is barred by the statute of limitations.

■ There is no federal statute of limitations applicable to the remaining claims. It is now clear that the Oregon statute of limitations under ORS 12.-110(1) is to be applied. The two-year period is subject to the proviso that the limitation shall be deemed to commence only from the discovery of the fraud or deceit.

■ "Discovery" as used in ORS 12.-110(1) means "from the time the fraud was known or could have been discovered through the exercise of reasonable care." Salem Sand & Gravel Company v. City of Salem, 260 Or. 630, 492 P.2d 271, 275 (1971).

In Hoffert v. E. F. Hinkle & Co., Inc., 56 F.R.D. 395 (D.Or.1972), Judge Burns clearly stated the rule:

"I conclude that in SEC Rule 10b–5 cases in Oregon, the proper statute of limitation to apply is the two year period of ORS 12.110. I further conclude, as a matter of federal law, that the claim accrues and the period of limitation starts to run either upon actual discovery of the fraud, or at such time as a reasonably prudent person, similarly situated, should have discovered the fraud." 56 F.R.D. at 400.

A similar standard was enunciated by the court in Turner v. Lundquist, 377 F.2d 44 (9th Cir. 1967), when it affirmed a summary judgment for the defendant under the California three-year statute. The statute of limitations is a bar both to claims brought under Rule 10b–5 and Section 17(a) of the 1933 Act.

The court in *Turner* reaffirmed the rule applicable to this situation:

". . . when knowledge had by or imputed to plaintiff is such as to compel the conclusion that a prudent man would have suspected the fraud, the court may determine as a matter of law that there had been 'discovery'." 377 F.2d at 47.

The knowledge had by or imputed to the plaintiffs from the June 12, 1969, letter to the stockholders compels the conclusion that a prudent man would have suspected the alleged fraud. There is no genuine issue as to this material fact.

■ I conclude that plaintiffs had two years from June 12, 1969, in which to file their claims under Section 10(b) of the Securities Exchange Act of 1934, Rule 10b–5, Section 17(a) of the Securities Act of 1933, and common law fraud. They had three years after the last sale complained of in which to file their claims under ORS 59.135. Accordingly, it is

Ordered that defendants' motion for summary judgment is granted.