John D. CAHILL, Plaintiff,

v.

ERNST & ERNST, Defendant.

No. 77–C–294.

United States District Court,
E. D. Wisconsin.

March 14, 1978.

John C. Carlson, Lawton & Cates, Madison, Wis., for plaintiff.

William H. Alverson, Godfrey & Kahn, Milwaukee, Wis., for defendant.

## MEMORANDUM AND ORDER

WARREN, District Judge.

The defendant in the above-entitled action has moved to dismiss Count I of this action on several grounds as set forth in its memorandum. The initial basis for the motion is that Count I of the complaint is barred by the applicable statute of limitations.

At a status conference held in this matter on November 17, 1977, the Court issued a memorandum and order in the related case of *Colonial Bank and Trust Co. v. American Bankshares Corp.*, 442 F.Supp. 234 (E.D.Wis.1977). That decision held that Wis.Stats. § 551.59(5) was the statute of limitations applicable to a § 10b–5 action arising in this state. The above decision is incorporated herein. The Court also informed the plaintiff that it would take judicial notice of the pleadings filed in the case of *Colonial Bank and Trust Co. v. American Bankshares,* Civil Action No. 75–C–638, [hereinafter referred to as Case No. 75–C–638] a case also pending before this Court. The effect of taking judicial notice of this matter was to convert the instant motion to one for summary judgment. *See Grand Opera Co. v. Twentieth Century-Fox Film Corp.,* 235 F.2d 303, 307 (7th Cir. 1956). The plaintiff was, therefore, granted an additional thirty days to respond to the motion.

Section 551.59(5) of the Wisconsin Statutes provides that:

No action shall be maintained under this section unless commenced before the expiration of 3 years after the act or transaction constituting the violation or

the expiration of one year after the discovery of the facts constituting the violation, whichever first expires . . ..

The act or transaction constituting the violation in question occurred on May 16, 1974, exactly three years prior to the filing of the complaint. There is no contention that the first part of § 551.59(5) bars this action. The defendant contends, however, that the plaintiff in this action discovered the facts constituting the violation prior to May 17, 1976, and since this action was not commenced until May 17, 1977, it is barred. Specifically, the defendant contends that the discovery of the fraud occurred when the plaintiff appeared in Case No. 75–C–638 by answering the complaint therein on January 22, 1976.

On November 3, 1975, Colonial Bank and Trust Company commenced an action against American Bankshares Corporation and several others, including both the plaintiff and the defendant herein. Plaintiff appeared therein by answering the complaint on January 22, 1976. The complaint in No. 75–C–638 refers to alleged misrepresentations and failures to state material facts in American Bankshares Corporation's financial statements for the year 1973; and alleges that plaintiff there was induced to make loans aggregating $3,000,000 on May 17, 1974 in reliance thereon. Paragraph 9 of that complaint alleges that, among other things, Ernst & Ernst represented to Colonial that with the addition of $3,000,000 in capital, American City Bank would be in sound financial condition; that a charge of $3,000,000 to American City's loan loss reserve was sufficient to cover all losses on loans which could be anticipated; that in all other respects American City's loan portfolio was in sound condition; and that the addition of $3,000,000 to American City's capital was all that would be required to satisfy the requirements of the Comptroller and of sound banking practices.

Paragraph 11 of that complaint alleges, among other things, that Ernst & Ernst was charged with knowledge of, but failed to disclose to Colonial, the inadequacy of City Bank's loan loss reserve; an unreported loss of $900,000 from the purchase and sale of bonds; and that the book value of Bankshares' common stock was at most nominal.

The case at bar was commenced on or about May 17, 1977. The basic premise of the complaint in the case at bar is essentially identical to that of Case No. 75–C–638; namely, that plaintiff Cahill purchased Bankshares' stock on May 17, 1974, and borrowed money from the Colonial Bank to finance such purchase, in reliance on Bankshares' financial statements for the year 1973. Paragraph 9 of the instant complaint recites that defendant represented to plaintiff that with the addition of $3,000,000 in new capital, American City would be in sound financial condition; that the charge of $3,000,000 to American City's loan loss reserve was sufficient to cover all losses on loans which could be anticipated; that in all other respects American City's loan portfolio was in sound condition; and that the addition of $3,000,000 to American City's capital was all that would be required to satisfy the requirements of the Comptroller and of sound banking practices.

Paragraph 10 of the instant complaint alleges that defendant failed to disclose to plaintiff that American City's loan loss reserve was grossly inadequate and was understated by millions of dollars; that American City had suffered an unreported loss of $900,000 in connection with its bond trading; and that the book value of Bankshares was, on May 17, 1974, at most nominal.

The plaintiff contends that his receipt of the complaint in Case No. 75–C–638 does not constitute a "discovery of the facts constituting the violation." Two arguments are advanced: First, that Colonial's knowledge cannot be imputed to him and, second, that there was nothing in the complaint to put him on notice that the defendant was guilty of anything more than poor judgment or perhaps negligence.

In order to decide whether the receipt of the complaint in Case No. 75–C–638 constitutes "discovery of the facts constituting the violation," the Court must examine § 551.59(5) to determine what is meant by

"discovery." Before doing so, however, the Court would like to address itself to an argument raised by the defendants.

The defendants state at page 7 of their reply brief of January 18, 1978 that "while state law supplies the appropriate limitations period for a Rule 10b–5 action, it is a federal question when the statutory period begins to run." While the Court would agree with the defendant's statement of the law, it finds that it has no applicability to this case.

The statement from the defendant's brief is the embodiment of the equitable doctrine of fraudulent concealment first announced by the Supreme Court in *Bailey v. Glover,* 88 U.S. 342, 21 Wall. 342, 22 L.Ed. 636 (1874), and explained by the Seventh Circuit in *Hupp v. Gray,* 500 F.2d 993 (1974). That doctrine tolls the running of the state statute of limitations applied to federal actions until such time as the defrauded plaintiff knows or should have known of the fraud. "The doctrine developed to prevent wrongdoers from concealing their actions and then perpetrating a further fraud by using the statute of limitations as a shield." *Morgan v. Koch,* 419 F.2d 993 (7th Cir. 1969).

The equitable doctrine of fraudulent concealment is applicable only in those cases where the application of the state statute would otherwise bar the action. Its use operates to extend the point at which the limitation period begins from that as set out in the state statute to a point where the plaintiff learned of the fraud or should have learned of it. The federal doctrine has been utilized in those cases where the state statute starts the running of the limitation period at the point of the violation, regardless of the plaintiff's knowledge. If the state statute provides that the limitation period begins to run when the plaintiff has knowledge of the fraud or should have had knowledge of it, the federal doctrine simply has no applicability.

Similarly, the doctrine only operates to extend the period. A statute which limits a fraud action to six years from the violation or two years from the time the fraud is, or with reasonable diligence, could have been discovered, whichever is longer, is not shortened by the doctrine of fraudulent concealment. The action can be brought during the sixth year, even though it was discovered in the first.

The Wisconsin statute applicable to this case provides that the action must be commenced within three years of the violation or within 1 year of discovery, whichever is shorter. The plaintiff has met the longer limitations period and has no need of invoking the tolling doctrine. The shorter one-year provision begins running upon "discovery." Since the doctrine does not operate to shorten the period by starting the limitations period prior to when the state statute would commence its running and itself is defined in terms of discovery, it has no applicability to this shorter one-year limitation.

If this action is barred, it is barred by operation of the Wisconsin statute that provides that the action must be brought within one year of the discovery of the facts constituting the violation. Since the federal doctrine of fraudulent concealment cannot act to toll the statute after discovery of the fraud nor commence its running prior thereto, it has no applicability.

The Court must, therefore, examine § 551.59(5) and determine whether the receipt of the complaint in Case No. 75–C–638 constitutes "discovery of the facts constituting the violation" within the meaning of that section. The Court has not found, nor have either party cited any, cases construing the above-quoted language from § 551.59(5). Identical language contained in the statute-setting limitations in general fraud actions has, however, been the subject of an opinion of the Wisconsin Supreme Court.

Section 893.19(7), Wisconsin Statutes states that an action for relief on the ground of fraud must be commenced within six years. "The cause of action in such case is not deemed to have accrued until *discovery,* by the aggrieved party, *of the facts constituting the fraud.*" (emphasis added).

In *Koehler v. Haechler,* 27 Wis.2d 275, 278, 133 N.W.2d 730, 731 (1965), the Wisconsin Supreme Court commented upon this statute, which at the time of their decision, was codified at § 330.19.

Actual and complete knowledge of the fraud on the part of the plaintiff is not necessary in order to set the limitation period running.

"When the information brought home to the aggrieved party is such as to indicate where the facts constituting the fraud can be effectually discovered upon diligent inquiry, it is the duty of such party to make the inquiry, and if he fails to do so within a reasonable time he is, nevertheless, chargeable with notice of all facts to which such inquiry might have led." [*O'Dell v. Burnham,* 61 Wis. 562, 21 N.W. 635 (1884).]

Commenting on the above passage, the court stated in 1961:

"Under the rule quoted above, it is not necessary that a defrauded party have knowledge of the ultimate fact of fraud. What is required is that it be in possession of such essential facts as will, if diligently investigated, disclose the fraud. The burden of diligent inquiry is upon the defrauded party as soon as he has such information as indicates where the facts constituting the fraud can be discovered." [*Milwaukee Western Bank v. Lienemann,* 15 Wis.2d 61, 112 N.W.2d 190 (1961).]

Section 551.59(5) was enacted in 1969 and became effective in 1970. At the time of its writing, the legislature was well aware of judicial interpretation that had been engrafted upon the phrase "discovery of the facts constituting the fraud." The Court concludes, therefore, that this interpretation is equally applicable to § 551.59(5). The statute of limitations then begins to run when the plaintiff discovers the violation or when he becomes aware of essential facts which will, if diligently investigated, disclose the fraud.

This later standard has been applied in other jurisdictions with similar statutes in the following manner. "[W]hen knowledge had by or imputed to plaintiff is such as to compel the conclusion that a prudent man would have suspected fraud, the court may determine as a matter of law that there had been 'discovery.'" *Turner v. Lundquist,* 377 F.2d 44, 47 (9th Cir. 1967), quoting *Helfer v. Hubert,* 208 Cal.App.2d 22, 26, 27, 24 Cal.Rptr. 900. *See also Winkelman v. Blyth & Co.,* 394 F.Supp. 994 (D.Or.1973), aff'd, 518 F.2d 530 (9th Cir. 1975).

The Court is of the opinion that the plaintiff's knowledge of the representations made to him by the defendant as alleged in Count I of the complaint and the receipt of the complaint in Case No. 75–C–638 is sufficient to establish that the plaintiff was aware as early as January 22, 1976, of sufficient facts which, if diligently investigated, would have disclosed the violation. The defendant has, therefore, met its burden under Rule 56 and the plaintiff now has the burden of setting forth specific facts showing that there is a genuine issue for trial.

The only affidavit filed on behalf of the plaintiff in opposition to the motion for summary judgment states that the plaintiff had no actual knowledge of the violation until September of 1976. The statute as described above, does not require actual knowledge of every essential element of the violation. This affidavit is, therefore, insufficient to meet the plaintiff's burden of establishing an issue of fact for trial.

For the reasons set forth above, the defendant's motion for summary judgment as to Count I must, therefore, be granted.

The defendants have also moved to dismiss Counts II and III. Count II alleges a state action for negligence. Count III apparently alleges an action against the defendant for aiding and abetting violations of common law fraud, state security violations and federal securities violations, *i. e.,* 15 U.S.C. §§ 78j(b), 77e, 77*l*(2) and 77q(a).

The statute of limitations applicable to the federal violations of §§ 78j(b) and 77q(a) is Wis.Stats. § 551.59(5). As discussed above, these actions are barred. The express statute of limitations for §§ 77e and 77*l*(2) is set forth at 15 U.S.C. § 77m and is identical to Wis.Stats. § 551.59(5). These actions are also barred.

As to the remainder of the claims in Counts II and III, the Court finds a lack of subject matter jurisdiction. The dismissal of the federal causes of action resolves the issue of pendent jurisdiction against the plaintiff.

Defendant Ernst & Ernst has filed an affidavit which establishes that Alvin J. Smith is a partner in the defendant partnership and is a citizen of Utah. It is settled law that, for purposes of diversity, the citizenship of a partnership is that of each of its partners. Defendant Ernst & Ernst is, therefore, a citizen of Utah as is the plaintiff. There is no diversity jurisdiction. The remaining claims in Counts II and III must, therefore, be DISMISSED.

For the reasons stated above, the defendant's motions for summary judgment are GRANTED and this action is DISMISSED.

SO ORDERED this 14th day of March, 1978, at Milwaukee, Wisconsin.