VALLEY BANK OF NEVADA, a Nevada corporation, as Trustee for the William Alan Rohrbach Age 21 Trust and Cassidy Claiborne Heydt Age 21 Trust, and Marguerite Heydt, Plaintiffs,

v.

FOSTER & MARSHALL, INC., a Washington corporation; Joseph F. Ollivier; Linda Ollivier; and Dain Bosworth, Inc., Defendants.

Civ. No. C–82–0645W.

United States District Court,
D. Utah, C.D.

May 24, 1984.

Ellen Maycock, Salt Lake City, Utah, for plaintiffs.

Joseph J. Palmer & H. Dennis Piercey, Salt Lake City, Utah, Samuel A. Keesal, Jr., Roger Logan, Terry Rose, James B. Woodruff, Long Beach, Cal., for Foster & Marshall & Joseph Ollivier.

Ralph C. Amott, Provo, Utah, for Linda Ollivier.

Roger J. Magnuson, Kevin W. Rouse, Minneapolis, Minn., and Patricia W. Christensen, Salt Lake City, Utah, for Dain Bosworth, Inc.

WINDER, District Judge.

This matter is before the court on Dain Bosworth, Inc.'s (DBI) motion to dismiss the plaintiffs' amended complaint. The court has read the memoranda submitted by the parties and various of the authorities cited therein. Oral argument was not requested. Being now fully advised, the court renders this memorandum decision and order.

In their amended complaint, the plaintiffs allege that DBI is liable as a controlling person for violations of federal and state securities laws by Joseph Ollivier (Ollivier) a former DBI employee. The plaintiffs' Third Cause of Action alleges controlling person violations as to the First Cause of Action (the churning claim) and the Second Cause of Action (the 10b–5 claim). The Tenth Cause of Action alleges controlling person violations as to the Ninth Cause of Action (the state claim). The plaintiffs allege that Ollivier was an employee of DBI prior to being employed by Foster & Marshall, Inc. in 1979. Amended Complaint ¶ 10 (filed Feb. 7, 1984). DBI asserts that the longest applicable limitation period is three years and that more than three years elapsed between the date the period began to run and February 21, 1984, the date DBI was served.

The state claim alleges a violation of Utah Code Ann. § 61–1–22(1)(b) (1977 and Supp.1983). DBI argues that Utah law

establishes a two year limitation period. Section 61-1-22(5) provides that "[n]o person may sue under this section more than two years after the contract of sale." The plaintiffs urge the court to ignore the mandatory language of that section, and instead, to rely upon *Clegg v. Conk*, 507 F.2d 1351 (10th Cir.1974), which they argue held that claims under section 61-1-22(1) are governed by a three year limitation period. Although the headnotes to the *Clegg* case and the case notes in the annotated compilation of Utah's laws suggest that to be the holding of the *Clegg* court, the court believes the notes to be in error. Even a cursory reading of section 61-1-22(5) suggests that the plaintiffs' interpretation of *Clegg* is erroneous. Indeed, a complete reading of *Clegg* reveals that the question of which statute of limitation was applicable to section 61-1-22(1) was not before the *Clegg* court because the trial court had dismissed the state law claims asserted by the *Clegg* plaintiffs. 507 F.2d at 1353 n. 4. Consequently, the headnote and the case note are in error to the extent that they indicate that the *Clegg* court applied a three year statute of limitation to section 61-1-22 claims.

■ Accordingly, the court finds that the plaintiffs' state claim against DBI is subject to the two year period of limitation established by section 61-1-22(5). Since DBI did not employ Ollivier after 1979, Ollivier, acting under DBI's control, could not have contracted to sell a security to the plaintiff after 1979.[1] At the latest, the limitation period expired on December 31, 1981, well before the plaintiffs' initial complaint was filed in July, 1982. The plaintiffs' Tenth Cause of Action against DBI is barred by the running of the limitation period.

■ DBI argues that the churning claim is governed by 15 U.S.C. § 78cc(b) which provides that "no contract shall be void by reason of this subsection ... , unless such action is brought within one year after the discovery that such sale or purchase involves such violation and within three years after such violation." That "section clearly bars suits commenced more than three years after the occurrence of any violations, regardless of the date of the discovery of the violations." *Maher v. J.R. Williston & Beane, Inc.*, 280 F.Supp. 133, 137 (S.D.N.Y.1967). Moreover, courts have held that the limitation period established by section 78cc(b) applies to claims for damages, as well as to claims for rescission, based on alleged violations of Section 15(c)(1) of the Securities Exchange Act of 1934. *Newburger, Loeb & Co. v. Gross*, 365 F.Supp. 1364, 1371-72 (S.D.N.Y.1973), *modified on other grounds*, 563 F.2d 1057 (2d Cir.1977); *Maher*, 280 F.Supp. at 137-39. Accordingly, the limitation period on the plaintiffs' churning claim against DBI expired on December 31, 1982, at the latest, well before DBI was made a party to this lawsuit in February, 1984.[2] The plaintiffs' churning claim against DBI is barred by the applicable limitation period.

In responding to DBI's motion to dismiss, the plaintiffs requested permission to file an amended complaint against DBI which would assert that DBI's involvement with Ollivier constituted a violation of Rule 10b-3. DBI did not respond to that request and inasmuch as other courts have held that the limitation period established by section 78cc(b) does not bar Rule 10b-3 claims even if the facts giving rise to those claims also would support a time barred section 15(c) claim, *Douglass v. Glenn E. Hinton Investments, Inc.*, 440 F.2d 912, 914 (9th Cir.1971), the court believes that the liberality of Fed.R.Civ.P. 15(c) requires it to allow the plaintiffs to file an amended complaint in this instance.

---

1. The allegations of the amended complaint predicate the controlling person status of DBI on its status as Ollivier's employer. Amended Complaint ¶¶ 27, 48 (filed Feb. 7, 1984).

2. The plaintiffs have not argued and the record does not persuade the court that the requirements of Fed.R.Civ.P. 15(c) are satisfied in this instance. Consequently, the amendment to the complaint does not relate back to the date of the filing of the initial complaint.

Finally, DBI asserts that the plaintiffs' 10b–5 claim is barred by the running of the three year limitation period established by Utah law for actions for relief on the ground of fraud. Utah Code Ann. § 78–12–26(3) (1977). The plaintiffs agree that section 78–12–26(3) is the applicable limitation period, but they contend that the period does not begin to run until "the discovery by the aggrieved party of the facts constituting the fraud." *Id.* In that regard, the plaintiffs argue that "[t]his statute almost always presents a question of fact as to when plaintiff did discover or should have discovered the [defendant's] wrongdoing and therefore seldom lends itself to summary disposition." *Brown v. Producers Livestock Loan Co.,* 469 F.Supp. 27, 30 (D.Utah 1978).

The court has read the amended complaint carefully and has found no allegation that the plaintiffs did not discover the facts constituting the fraud until after the transactions which the plaintiffs claim to have been fraudulent occurred. Indeed, the only allegation in the amended complaint that directly relates to the limitation period is paragraph 10 which suggests that more than three years elapsed from the date of the transactions as to which DBI might be liable to the date on which DBI was made a party to this suit. In view of the representations made in the affidavits submitted by the plaintiffs, the nature of fraud claims generally and the need to amend the complaint to state a Rule 10b–3 claim against DBI, the court believes that the plaintiffs should incorporate allegations concerning the date on which they became aware of the fraud into an amended complaint. Otherwise, the court would be compelled to conclude that the amended complaint on its face demonstrates that the limitation period expired before DBI was made a party to the suit.

DBI requested an award of attorneys' fees under Utah's statute providing for such awards if the court determines that the action "is without merit and not brought or asserted in good faith." Utah Code Ann. § 78–27–56 (Supp.1983). The court is not persuaded that the plaintiffs' claims against DBI meet that standard. Thus, DBI's request for attorneys' fees is denied.

Accordingly,

IT IS HEREBY ORDERED:

1. That the plaintiffs' state claim and their churning claim against DBI be dismissed with prejudice because they are barred by the running of the applicable limitation periods.

2. That the plaintiffs be granted leave to file an amended complaint within ten (10) days of the date of this decision.

3. That, if the plaintiffs fail to file an amended complaint within ten (10) days of the date of this decision, counsel for DBI shall prepare and submit an order dismissing all claims against DBI, but if an amended complaint is filed timely, counsel for DBI shall prepare and submit a proposed order dismissing only the churning claim and the state claim.