John F. MEADOWS, et al., and Estate of David J. Peterson, et al., Plaintiffs-Appellants,

v.

BICRODYNE CORPORATION and Carpenter Technology Corporation, Defendants-Appellees.

No. 84–2219.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 16, 1985.

Decided March 13, 1986.

Designated for Publication March 26, 1986.

See also, 573 F.Supp. 1030.

---

Robert W. Rychlik, San Jose, Cal., Lance S. Stryker, El Granada, Cal., for plaintiffs-appellants.

John Anderson, Richard D. Warren, Landels, Ripley & Diamond, San Francisco, Cal., for defendants-appellees.

Before DUNIWAY, TANG, and FLETCHER, Circuit Judges.

DUNIWAY, Circuit Judge:

Bicrodyne became bankrupt and filed for reorganization under Chapter 11 in September, 1970. The plan which was formulated called for conversion of debt into stock. Carpenter, Bicrodyne's principal creditor, received 10.3% of Bicrodyne's voting stock, and, over the following two years, acquired a total of 95% of that stock. On September 15, 1977, Bicrodyne was merged into Carpenter, pursuant to Chapter 11 of the Cal. Corp.Code.

In December, 1977, appellants shareholders Meadows and Peterson brought actions in California Superior Court against Bicrodyne and Carpenter, seeking fair market value for the minority shares of stock in Bicrodyne and alleging fraud and breach of Carpenter's fiduciary duty as majority stockholder in Bicrodyne.

Carpenter removed this action to the district court. . Appellants filed a motion for an order remanding the case to state court which the district court denied. Appellants filed a second motion to remand alleging untimely removal. 559 F.Supp. 57. The district court denied this second remand motion on the ground that appellants had waived their timeliness objection. The district court granted Carpenter's motion for partial summary judgment, holding that appellants' claims based on specified Bicrodyne-Carpenter transactions were barred by the three-year statute of limitations set out in Cal.Code of Civ.Pro. § 338(4).

I. *Denial of Remand Motion.*

The district court held that it had jurisdiction over this case because there is diversity of citizenship between the parties.

Most of the appellants are California citizens. Bicrodyne was a citizen of California before merger; however, Cal.Corp.Code § 1107(a) states:

Upon merger pursuant to this chapter the separate existence of the disappearing corporations ceases and the surviving corporation shall succeed ... to all the rights and property of each of the disappearing corporations and shall be subject to all the debts and liabilities of each in the same manner as if the surviving corporation had itself incurred them.

Carpenter, the surviving corporation here, is a citizen of Delaware. The district court did not err in holding that it had diversity jurisdiction to hear this case. *See Hoefferle Truck Sales v. Divco-Wayne*, 7 Cir., 1975, 523 F.2d 543, 548–49.

■ Assuming that Carpenter's petition for removal was untimely, the district court did not abuse its discretion in refusing to remand. Appellants, by appearing repeatedly before the court before raising the timeliness objection, had waived their right to raise that issue. *See* 14A Wright and Miller, Federal Practice and Procedure § 3739 at 576 (2d ed. 1985); *Fontenot v. Global Marine, Inc.*, 5 Cir., 1983, 703 F.2d 867, 870–71; *Harris v. Edward Hyman Co.*, 5 Cir., 1981, 664 F.2d 943, 944–46; *Intercoastal Refining Co., Inc. v. Jalil*, S.D.Tex., 1980, 487 F.Supp. 606, 608.

II. *Statute of Limitations.*

■ Cal.Code Civ.Pro. § 338(4) sets out a three-year limitation for

[a]n action for relief on the ground of fraud or mistake. The cause of action in that case is not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake.

This circuit has held that the three years do not begin to run "until plaintiff discovers the facts constituting the violation or in the exercise of reasonable diligence should have discovered them." *Kramas v. Security Gas & Oil, Inc.*, 9 Cir., 1982, 672 F.2d

766, 770. Reasonable diligence is tested by an objective standard and

when uncontroverted evidence irrefutably demonstrates plaintiff discovered or should have discovered the fraudulent conduct, the issue may be resolved by summary judgment.

*Id. See also Turner v. Lundquist*, 9 Cir., 1967, 377 F.2d 44, 46–48. Failure to discover the details of fraud does not prevent the statute from running. *Id.* at 48. That is the situation here. *Von Brimer v. Whirlpool Corp.*, 9 Cir., 1976, 536 F.2d 838, 848–49. The district court did not err in granting summary judgment on the ground that appellants' claims were barred by Cal.Code Civ.Pro. § 338(4).

III. *Appraisal Rights.*

Under Cal.Corp.Code § 1300(a), a shareholder of a "disappearing corporation" in a short-form merger "may, by complying with this chapter, require the corporation in which the shareholder holds shares to purchase for cash at their fair market value the shares owned by the shareholder...." Nine shareholders who failed to comply with these statutory requirements sought to exercise their appraisal rights; they argued that they were unable to comply with these requirements because they did not receive the statutory notice in time, or, in some instances, at all.

The district court was not clearly erroneous in finding that timely notices were mailed to the nine shareholders at their addresses of record as required by the statute. We affirm the district court's order dismissing the claims of these shareholders to appraisal rights.

IV. *Valuation.*

■ It was stipulated by all parties in pretrial conference that "the relevant date of evaluation is June 30, 1977, [the day before the first announcement of the merger] and the evaluation has to be based on all the information at hand on that date." *See* Cal.Corp.Code § 1300(a). Evidence of Bicrodyne's earnings after that date was

therefore properly excluded by the district court.

Carpenter's appraiser Brooks submitted a report which concluded that the fair market value of that stock was $0.083 per share as of June 30, 1977. This valuation was based primarily on the pro forma book value of the company on that date. The Brooks report found that when subsidies from Carpenter were subtracted from Bicrodyne's reported earnings, Bicrodyne had no real earnings or value based on earnings capacity. Under these circumstances, the use of the net book value method was proper. *See Common Wealth Ins. Systems, Inc. v. Kersten*, 1974, 40 Cal.App.3d 1014, 1031, 115 Cal.Rptr. 653, 664; *Estate of Rowell*, 1955, 132 Cal.App.2d 421, 429, 282 P.2d 163, 168. *See also* testimony of appellants' appraiser Wright, ER 602, lines 3–5. The district court found that Brooks' report "took into account all of the relevant factors and has not been shown to be either deficient or erroneous in any significant respect." It therefore held that Carpenter sustained its burden of proving fair market value of Bicrodyne stock as of the relevant date. The district court was not clearly erroneous in adopting the Brooks findings.

The district court did not abuse its discretion in allowing Carpenter to present evidence of its subsidies to Bicrodyne as adjustments to the Bicrodyne audited financial statements. These are the kind of "abnormal or nonrecurring items" properly subject to adjustments. *Central Trust Co. v. United States*, Ct.Claims, 1962, 305 F.2d 393, 403. Nor did the district court err in limiting appellants to an appraisal remedy. Cal.Corp.Code § 1312(a) & (b).

V. *Costs.*

The district court did not abuse its discretion in awarding Carpenter expert witness fees under Cal.Civ.Pro.Code § 998(c), as set out in Carpenter's motion for allowance of costs. *See Evers v. Cornelson*, 1984, 163 Cal.App.3d 310, 316–18, 209 Cal.Rptr. 497, 501.

AFFIRMED.