Allen Duncan GIBSON, et al., Individually and Derivatively
on Behalf of The Strong Co., Inc. *v.* THE STRONG CO.,
INC., STRONG REALTY, INC., Arkansas Corporations,
and William A. STRONG, Individually

85-244                                                    708 S.W.2d 603

Supreme Court of Arkansas
Opinion delivered April 28, 1986

*Wright, Lindsey & Jennings,* for appellant.

*Bridges, Young, Matthews, Holmes & Drake,* by: *R.T. Beard, III,* for appellee.

ROBERT H. DUDLEY, Justice. The appellants, minority shareholders in an Arkansas corporation, seek appraisal rights for dissenting shareholders pursuant to Ark. Stat. Ann. § 64-707 (Repl. 1980). The trial court ruled that the appellants did not make a timely written objection to the merger and, therefore, were not entitled to have a judicially determined price for their minority shares. We affirm.

Appellants, Allen Duncan Gibson, Harry Allen Gibson, and Laura Ann Gibson, are minority shareholders in appellee, The Strong Company, Inc. Appellee, William A. Strong, is the majority shareholder and president of the company. On April 26, 1984, the board of directors of The Strong Company, Inc. held a scheduled meeting. At that meeting a plan to merge The Strong Company, Inc. into Strong Realty, Inc. was discussed. Appellant, Harry Gibson, a director, attended the meeting in his official capacity. Appellant, Allen Duncan Gibson, who was not a director, also attended the meeting. The board of directors approved a proposal to call a special shareholders' meeting concerning the proposed merger of the two companies with Harry Gibson abstaining and Allen Duncan Gibson remaining silent. All shareholders were duly notified that a meeting would be held at a designated place in Pine Bluff at 11:00 a.m. on Monday, May 21, 1984, to vote on the plan of merger.

On May 4, 1984, Michael Crawford, an attorney from Houston, Texas, representing Allen Duncan Gibson, telephoned Richard Williams, a Little Rock attorney representing The Strong Company, Inc. At trial, Williams testified that Crawford told him during the phone conversation that appellants were agreeable to the merger, but that they did not have enough information to determine if the offered price was fair. Williams stated that he suggested that they meet after the May 21 shareholders' meeting to discuss the price. Crawford's testimony varied in some respects from that of Williams. The most important variance was that Williams stated that postponement of the May 21 meeting was never even discussed, while Crawford concluded from the conversation that the meeting would be

delayed. Crawford admitted, however, that Williams never expressly stated that the meeting would be postponed and, in fact, that by May 18, three days before the meeting, Crawford realized that an agreement to postpone the meeting had not been made. Neither Crawford nor the appellants filed a written objection with the corporation prior to the May 21 meeting, and they did not attend the meeting. At the meeting the shareholders approved the plan of merger, and the meeting was adjourned at 11:40 a.m. After the meeting was adjourned, at 2:13 p.m. EST (1:13 p.m. CST), Crawford's office telephoned a Western Union message to the corporation which stated an objection to the merger plan.

Ark. Stat. Ann. § 64-707 (Repl. 1980) permits a dissatisfied shareholder to withdraw from the corporate enterprise after merger and to obtain in cash the fair value of his shares, judicially determined if necessary, if he complies with three steps. Briefly stated, the dissenting shareholder is required (1) to object to the proposed merger in writing prior to or at the meeting at which the shareholders' vote on the merger is to be taken, (2) not to vote in favor of the merger at the shareholders' meeting, and (3) to make written demand on the surviving or new corporation for payment of the fair value of the stock within 10 days after the date of the vote. It is undisputed that appellants complied with the second and third steps since they did not vote in favor of the merger and made a written demand for payment four days after the shareholders' meeting at which the merger was approved. The trial court held that the appellants did not comply with the first step which was to object to the proposed merger in writing prior to or at the shareholders' meeting, and that step is the necessary predicate of the right to appraisal. The trial court was correct.

The appellants contend the chancellor erred in ruling that they did not comply with the first step because Williams, the attorney for The Strong Company, Inc., had actual notice of their objection to the plan of merger over two weeks before the May 21 shareholders' meeting. We quickly dismiss the contention, without even discussing the statutory requirement that the notice be in writing, because there simply is no evidence that the appellants or their attorney gave Williams, or any of the appellees, actual notice of an objection to the plan of merger before the May 21 shareholders' meeting. In fact, the evidence clearly shows that the

appellants' attorney, Crawford, stated that appellants desired to sell their stock. They simply requested more information in order to determine if the price was fair.

■ The appellants next contend that they gave written notice, on May 21, at 1:13 p.m. and that a 1½ hour delay in complying with the statutory requirements should not be fatal to their position. The argument, if followed, would completely destroy the symmetry of the statute at issue. The statute does not aid dissenting shareholders alone, but also aids majority shareholders and the corporation. In *National Supply Co.* v. *Leland Stanford Junior University*, 134 F.2d 689, 692 (9th Cir. 1943), the court sagaciously wrote:

> The statutory imperatives of timely objection and demand are the very substance of the consolidation. Stockholders are entitled to rely on the status of things as they appear on the date of the meeting and to govern themselves accordingly. They have the right to be advised of the number of shares objecting to the merger, since these objections foreshadow money demands to be made upon the new company. The extent of such foreseen demands is necessarily of influence with stockholders in appraising the wisdom of consolidation and in persuading them whether or not they should themselves object and claim the value of their holdings. The governing boards of the constituent corporations must similarly rely on the presence or absence of substantial dissent in determining whether the tentative agreement should be adhered to or abandoned.

The statute requires timely compliance with its first step.

■ During the oral argument of this case, the appellants contended that The Strong Company, Inc. is a closely held corporation, and there was no real doubt in the majority shareholders' minds that the appellants did not want to be squeezed out of the corporation. From that, they argue we should find compliance. This type of argument was addressed in *Klein* v. *United Theaters Co.*, 74 N.E.2d 319 (Ohio 1947), and the court wrote:

> The argument is made . . . that defendant is not a large corporation with a floating supply of stock in brokers' names, . . . but on the contrary defendant is a small,

closely held corporation to which plaintiffs were well known; that there was no possible doubt in the minds of consenting shareholders at their meeting that plaintiffs were objecting to the sale; that it was clearly understood why they were objecting; and that the consenting shareholders had all the necessary information upon which to take action and were required to assume nothing.

The above statements would be very persuasive if the decision in these cases were to determine only the rights of the parties herein and did not require the interpretation of the statutes which apply to all corporations organized under the laws of Ohio. The General Assembly saw fit to enact Section 8623-72, General Code, to apply to all corporations and, therefore, these cases must be decided in the same way as though they concerned a large corporation with floating supplies of stock in various names, to which corporation the shareholders were not personally known and, likewise, their purported agents were not known to be honorable, upstanding persons. It is the law which must be declared in these cases and not the standing of the parties or attorneys.

■■ The appellants additionally argue that the appellees should be estopped from demanding compliance with Ark. Stat. Ann. § 64-707 because of the actions of their attorney, Williams. Certainly majority shareholders and their attorneys owe a duty not to act in bad faith toward minority shareholders and will not be allowed to use their power in defiance of that duty at the expense of the minority shareholders. However, in this case, the chancellor made a finding of fact that Williams was not guilty of any wrongful conduct which caused appellants' attorney, Crawford, to fail to comply with the first step. Findings of fact by a trial court will not be set aside unless they are clearly against the preponderance of the evidence. ARCP Rule 52; *Warren v. Warren*, 273 Ark. 528, 623 S.W.2d 813 (1981). A review of the evidence in this case reveals that the finding is not clearly against the preponderance of the evidence.

Affirmed.

PURTLE, J., not participating.