Decided December 12, 1986

939

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

RACHEL CONCEPCION, et al.,                )      CIV. ACTION NO. 86-0004
                                          )
                 Plaintiffs,              )
                                          )
            vs.                           )      DECISION AND ORDER
                                          )
AMERICAN INTERNATIONAL KNITTERS           )      F I L E D
CORPORATION and WILLIE TAN,               )          Clerk
                                          )      District Court
            Defendants.                   )
                                          )      DEC 12 1986
_____  )
                                                 For The Northern Mariana Islands
                                                 By_____
                                                      (Deputy Clerk)

THIS MATTER came before the Court on December 1, 1986, for hearing of plaintiffs' motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (FRCP).

Plaintiffs seek partial summary judgment on three issues:

1.  That the waivers signed by plaintiff employees are legally ineffective and do not prevent them from seeking other wages they claim are due them during the time period ostensibly covered by the waivers.

2.  That defendants have failed to demonstrate the defense available to them under §260 of the Fair Labor Standards Act (FLSA) (29 U.S.C.).

3.  That plaintiffs still are entitled to request from this Court an award of liquidated damages not exceeding the payments they received for unpaid wages from defendants in December of 1984.

For the reasons given below, plaintiffs' motion for partial summary judgment is granted as to the first two issues and denied as to the third.

FRCP 56(c) mandates that summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The United States Supreme Court recently addressed the law of summary judgment in *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505 (1986). There, the Court reiterated that "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 106 S.Ct. at 2510 [Emphasis in the original]. The Court noted that the substantive law of the case defines materiality:

> Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.

*Id.*, at 2510.

To defeat a summary judgment motion the opponent must set forth specific facts showing that there is a genuine issue for trial. FRCP 56(e). A material fact is "genuine" if the evidence presented is such that a reasonable jury could return a

verdict for the non-moving party. Anderson, 106 S.Ct. at 2510. There is no genuine issue of material fact if the evidence presented in opposing affidavits is of insufficient caliber or quantity to allow a rational finder of fact to find for the opponent by clear and convincing evidence. Anderson, 106 S.Ct. at 2513. The opponent cannot save its evidence until trial but must sufficiently disclose what the evidence will be to show that there is a genuine issue of fact to be tried. Turner v. Lundquist, 377 F.2d 44, 48 (9th Cir. 1967). An affidavit containing hearsay and which is conclusionary in nature is not adequate under Rule 56. Id., at 48. The Court's role at the summary judgment stage is not to weigh the evidence and determine its truth or falsity but, rather, to determine whether or not there exists a genuine issue for trial. Anderson, 106 S.Ct. at 2511. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 106 S.Ct. at 2511. It is true that "[a]ll reasonable doubts touching the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment." 6 Pt.2 Moore's Federal Practice §56.23, pp. 56-1394. However, the Court cannot invent evidence or hypothesize randomly to deny summary judgment to which movant is otherwise entitled. Clearly, litigants advancing or defending a motion for summary judgment cannot do so superficially or in a lackadaisical manner.

As to the first issue, a brief recitation of the facts

is useful. Plaintiffs were employees of defendants. Defendants were alleged to have failed to pay overtime wages during periods in 1984. An investigation was conducted by certain agencies of the government of the Commonwealth of the Northern Mariana Islands (CNMI), which investigation resulted in defendants making to plaintiffs lump sum payments for overtime wages. At some point after the investigation was concluded and the payments made, defendants sought out plaintiffs and obtained a "Quit Claim and Waiver" from each of them. No evidence has been presented to controvert the allegation that the waivers were not a part of the investigation and that the government agencies played no part in obtaining the waivers. By the terms of the waiver, the person signing deemed herself to have been "justly compensated" and waived irrevocably all legal recourse for any and all claims for wages.

Plaintiffs have moved for a summary judgment that the waivers are legally ineffective and do not preclude them from seeking other wages claimed due them.

Federal law provides but two methods whereby FLSA wage claims may be settled by employees. First, under 29 U.S.C. §216(c), the Secretary of Labor of the United States may supervise a settlement in which payment of wages is made to employees. An employee who participates in this procedure and accepts the payment waives his or her right to bring suit for unpaid wages or liquidated damages, but only if the employer pays all back wages which are due. 29 U.S.C. §216(c). There is

943

nothing before the Court to contravene the employees' assertion that the Secretary of Labor played no part in the investigation here.

FLSA wage disputes may also be resolved in a district court-supervised settlement of a lawsuit brought directly by employees against their employer under 29 U.S.C. §216(b). Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982). This Court played no role in any of the events leading to the payment by defendants of the sums found to be owing to plaintiffs by the investigation.

Defendants' contention that the CNMI fulfilled the role and obligations of the federal government under the FLSA finds no support in the law of the facts here. The CNMI cannot preempt federal law and, absent an express delegation of authority, must abide by federal standards. Also, the Court does not accept, and the record does not support, and defendants have shown nothing to support their contention that the employees' interests were adequately protected by the CNMI agencies involved in the investigation. The employees had no independent legal advice. They were not told of their right to ask for liquidated damages; rather, and most telling, only defendants were told that they might be found liable for liquidated damages.

The Court finds that no genuine issue of material fact exists as to this question and that plaintiffs are entitled to summary judgment as a matter of law.

 Plaintiffs next argue that defendants have failed to

demonstrate the defense made available to them by §260 of the FLSA. This section provides that a district court may, in its sound discretion, award an employee liquidated damages in any amount up to the amount of the unpaid wages if the employer shows that the act or omission giving rise to the action was done in good faith and that the employer had a reasonable ground for believing its act or omission did not violate the FLSA. 29 U.S.C. §260; 29 C.F.R. §790.22. Plaintiffs contend that this defense applies only to acts or omissions at the time wages were not paid; defendants argue for a more expansive reading of the statute and believe "good faith" can be shown from the employer's conduct throughout the entire episode, up to and including the employer's "good faith" when it pays wages found to be owing.

The law is clear on its face. The requirements of good faith and a reasonable ground apply only to the acts or omissions giving rise to the wage claim. It is nonsensical to applaud an employer's "good faith" when it finally pays wages found owing after a full-blown investigation. Since defendants have offered no evidence of "good faith" and "reasonableness," summary judgment on this issue is warranted and granted.

Finally, plaintiffs ask that summary judgment be granted on their request for liquidated damages based upon the payments for overtime wages which they have already received. The Court first observes that defendants failed in their duty to offer any specific allegations to support their claim that plaintiffs were not even entitled to the wage payments they

945

received at the conclusion of the investigation. Nevertheless, the Court denies this portion of plaintiffs' motion for partial summary judgment because there remains a genuine issue of material fact.

Plaintiffs in their lawsuit are seeking unpaid wages from 1984, 1985, and 1986. In this motion they are seeking a determination that they are entitled to liquidated damages for the payments they received which covered a portion of 1984. Plaintiffs still intend to prove at trial that they are entitled to more wages than they received for the time periods in 1984 which were covered by the investigation. Defendants dispute this but offer no countervailing evidence.

The Court may, and hereby does, deny summary judgment on this issue in the exercise of its sound discretion, even though it believes movant technically is entitled to judgment. 6 Pt.2 Moore's Federal Practice §56.33, pp. 56-1389. Of necessity, plaintiffs will be required to prove all hours they worked in order to prove they were not fully compensated after the investigation. There is, therefore, no practical method whereby the Court can establish for which hours the payments made were intended to compensate. Granting of summary judgment on this issue would be pointless and would not lessen the quantity of evidence which plaintiffs will be required to offer. As well, defendants may challenge plaintiffs' claims and it would be impossible to delineate which hours defendants can challenge and which they cannot. Therefore, the Court denies summary judgment

946

as to this issue.

IT IS SO ORDERED.

DATED this _11TH_ day of December, 1986.

_____
JUDGE ALFRED LAURETA