Oscar G. HILLIGOSS, Appellant–
Plaintiff,

v.

ASSOCIATED COMPANIES, INC., now doing business as American Capitol Insurance Company and American Capitol Insurance Company, Appellees–Defendants.

No. 29A02–9110–CV–437.[1]

Court of Appeals of Indiana,
First District.

April 16, 1992.

---

1. This case was reassigned to this office on March 6, 1992 by order of the Chief Judge.

Thomas M. Beeman, Busby, Austin, Cooper & Farr, Anderson, for appellant-plaintiff.

Gregory L. Padgett, Baker & Daniels, Indianapolis, James H. Ham, III, Baker & Daniels, Fort Wayne, for appellees-defendants.

ROBERTSON, Judge.

Plaintiff Oscar G. Hilligoss appeals the summary judgment entered in favor of the American Capitol Insurance Company [ACIC]. We affirm.

## FACTS

Hilligoss owned 2989 shares of the Associated Companies, Inc. [ACI]. On June 22, 1989, ACI mailed to Hilligoss and all other shareholders of record, by first-class postage prepaid United States mail, notice of and a proxy statement concerning a special meeting of the shareholders to be held on July 3, 1989 at 8:00 a.m. As explained in the notice, proxy and accompanying materials, the purpose of the special meeting was to vote on a plan of merger by which ACI would merge its operations with those of ACIC.

Hilligoss, who lives in Boulogne Sur Seine, France, received notice of the shareholders' meeting from ACI on June 29, 1989. After receiving the notice, Hilligoss decided to dissent from the plan of merger. On June 30, 1989, he mailed his proxy statement dissenting from the plan of merger. Also on June 30, 1989, he sent a Western Union Mailgram to ACI indicating his dissent to the merger plan.

On July 3, 1989 at 8:01 a.m., the special shareholder meeting was held and the plan of merger was approved. Later, on July 3, 1989, at 12:45 p.m., the Western Union Mailgram from Hilligoss indicating his dissent to the plan of merger was received by ACIC.

ACIC refused to recognize Hilligoss as having perfected his dissenter's rights. Had Hilligoss perfected his dissenter's rights before the July 3, 1989 stockholder's meeting, he would have been paid the cash value of his ACI shares. As a result of the merger vote, Hilligoss' ACI stock was converted into stock in the Acap Corporation, the parent company of ACIC. Hilligoss asserts the stock he received under the merger plan is worth substantially less than his ACI stock was worth before the merger. He alleges $24,095.85 in damages representing the difference between the value of his stock before and after the merger. .

## DECISION

Initially, we must set out the well-settled standard for summary judgment. The purpose of summary judgment is to terminate litigation about which there can be no factual dispute and which may be determined as a matter of law. *Bassett v. Glock* (1977), 174 Ind.App. 439, 368 N.E.2d 18. When we review a motion for summary

judgment, we apply the same standard as that employed by the trial court. *King v. Bartholomew County Hosp.* (1985), Ind. App., 476 N.E.2d 877, *trans. denied.* Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, and admissions, affidavits, and testimony, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* Any doubt as to the existence of a genuine issue of material fact must be resolved against the party moving for summary judgment. *Peterson v. Culver Educational Foundation* (1980), Ind. App., 402 N.E.2d 448. For purposes of determining if summary judgment is appropriate, a fact is said to be material if its existence facilitates the resolution of any of the issues involved. *Anderson v. State Farm Mut. Auto Ins. Co.* (1984), Ind.App., 471 N.E.2d 1170. Summary judgment is appropriate when there is no dispute or conflict regarding facts which are dispositive of the dispute. *Madison County Bank & Trust Co. v. Kreegar* (1987), Ind., 514 N.E.2d 279. Summary judgment is a lethal weapon and courts must be mindful of its aims and targets and beware of overkill in its use. *Mayhew v. Deister* (1969), 144 Ind.App. 111, 244 N.E.2d 448.

## ISSUE

Whether the plan of merger is invalid because the corporation failed to give timely notice of the special stockholders' meeting at which the vote on the plan of merger was taken? [2]

Hilligoss asserts that ACI failed to provide timely notice of the stockholders' meeting and therefore, the plan of merger is invalid. Under these circumstances, Hilligoss asserts that he should be permitted to exercise his dissenter's rights and be paid the cash value of his ACI shares.

Indiana Code 23–1–29–5(a) provides, in pertinent part, as follows:

A corporation shall notify shareholders of the date, time, and place of each annual and special shareholders' meeting no fewer than ten (10) nor more than sixty (60) days before the meeting date.

Indiana Code 23–1–20–29(c) provides that:

Written notice by a domestic or foreign corporation to a shareholder is effective when mailed, if correctly addressed to the shareholder's address shown in the corporation's current record of shareholders.

ACI mailed Hilligoss notice of the shareholder's meeting on June 22, 1989. Therefore, ACI's notice to Hilligoss was effective June 22, 1989.

Hilligoss argues that, under any authority for the computation of the time in legal settings, the first day shall be excluded and the last day shall be included. Also if the last day is a Sunday, it shall be excluded.

**2.** Hilligoss frames the issue in terms of whether he was given a sufficient period of time in which to serve his notice of dissenter's rights. While at first blush it may appear that there is no substantive distinction between the way we have framed the issue and the way Hilligoss has framed the issue, we believe there is a substantive distinction and that Hilligoss' preferred issue is not the appropriate inquiry. In order to perfect dissenter's rights, the shareholder must deliver to the corporation written notice of his intention to dissent and demand payment for his shares before the vote is taken at the shareholders' meeting. IND.CODE 23–1–44–11(a)(1). In *Gibson v. Strong Co., Inc.* (1986), 288 Ark. 615, 708 S.W.2d 603, shareholders were held to have lost their statutory dissenters' rights because their telegraphic message received one and one half hours after the meeting was untimely. In *Meadows v. Bicrodyne Corporation* 573 F.Supp. 1030 (N.D.Cal.1983), aff'd 785 F.2d 670 (9th Cir.1986), several shareholders did not receive the notice of the shareholders' meeting in time to file their notice of dissent. However, the *Meadows* court held that the corporation had in fact sent timely notices to the shareholders at the addresses shown on its records, that the notice was therefore effective, and upon the failure of the shareholders to perfect their dissenters' rights, those rights were lost. *Id.*

In the present case, Hilligoss' mailgram arrived the day of the meeting after the vote on the plan of merger was taken. Clearly, Hilligoss' notice of his intention to effect his dissenter's rights was untimely. We believe it is necessary to distinguish why the issue is not whether Hilligoss was provided sufficient time in which to register his dissent, but whether the corporation *provided timely notice* of the July 3, 1989 stockholders' meeting. We believe this distinction demonstrates the appropriate perspective from which the computation of time issue, as discussed later in this opinion, should be viewed.

Indiana Trial Rule 6(A); Indiana Code 34–1–61–1; *Wartell v. Peters Hotel Co.* (1919), 70 Ind.App. 444, 123 N.E. 480.

Under this analysis, Hilligoss argues the first day, June 22, 1989, would be excluded and the the first day to be counted would be June 23, 1989. Hilligoss argues further that the tenth day would fall on Sunday, July 2, 1989 and because Sundays are to be excluded, the tenth day would be Monday July 3, 1989, the date of the shareholder's meeting in question. Therefore, Hilligoss argues that he was not provided sufficient notice of the meeting because the date of the meeting was fewer than 10 days after notice was effective.

ACIC argues that the various rules for computing time cited by Hilligoss do not apply under the statutes governing corporations and therefore, notice was timely as the tenth day expired either Saturday July 1 or Sunday July 2, 1989. The trial court, in its findings entered with its order granting ACIC's motion for summary judgment, concluded that T.R. 6(A) and I.C. 34–1–61–1 do not apply to govern the computation of time under Indiana's version of the Revised Model Business Corporation Act.

▮ We need not decide whether T.R. 6 or any other method of computing time should be applied to the statutory scheme governing corporations. Indiana Code 23–1–29–5 (cited above) places a requirement upon corporations concerning the timing of the *notice* to be provided, not the timing of when a stockholder's meeting must be held after notice is provided. As set out above, I.C. 23–1–29–5 requires corporations *to provide notice* to shareholders no fewer than ten (10) days before the meeting date. Technically, the statute does not require that a meeting must be held no fewer than

ten (10) days after notice is effective. We believe this is a meaningful distinction as it indicates from which perspective the ten (10) day period of time should be examined. We believe that because the statute requires that *notice be provided* no fewer than ten (10) days before the meeting date, days should be counted "backwards" from the date of the meeting to the date notice is effective and not "forwards" from the date that notice is provided to the meeting date.

In the present case, when the days are counted "backwards" from the date of the meeting, it is obvious that *notice* was provided in a timely manner even under Hilligoss' proposed methodology for the computation of time. The first day to be counted would be Sunday July 2, 1989 and the tenth day would be Friday June 23. Therefore, the present notice which was effective June 22, 1989 was timely.

Summary judgment will be affirmed if sustainable on any theory or basis found in the record. *Wingett v. Teledyne Industries, Inc.* (1985), Ind., 479 N.E.2d 51. As analyzed above, we conclude that ACI provided timely notice of the special shareholder's meeting as a matter of law. Therefore, we must conclude that the trial court committed no error in granting summary judgment in favor of ACI.

Judgment affirmed.

RATLIFF, C.J., and RUCKER, J., concur.