Judith B. WALKER, Plaintiff—
Appellant,

v.

WASHINGTON MUTUAL BANK
FA, Defendant—Appellee.

No. 02–56028.

D.C. No. CV–00–12931–WMB.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 24, 2003.*

Decided April 11, 2003.

Before CHOY, FARRIS, and LEAVY,
Circuit Judges.

MEMORANDUM**

Judith B. Walker appeals pro se the district court's summary judgment in favor of her mortgage lender, Washington Mutual Bank ("WMB"), in her action alleging

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2). Walker's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et. seq., and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968, and California state law claims for fraudulent misrepresentation, wrongful foreclosure, and forcible detainer. We have jurisdiction over this timely appeal under 28 U.S.C. § 1291, and we affirm.

■ The district court did not err in holding that Walker's TILA claim was barred by the one-year statute of limitations. TILA states that "[a]ny action under this section may be brought ... within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). "[T]he limitations period in Section 1640(e) runs from the date of consummation of the transaction but ... the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King v. California*, 784 F.2d 910, 915 (9th Cir.1986). Walker borrowed $340,000 and read and signed the loan documents in May 1994 but did not bring this action until December 2001, more than seven years later. Moreover, Walker was aware that the loan was negatively amortizing in July 1994. Nothing prevented Walker from comparing the loan documents and TILA's statutory and regulatory requirements. Thus, the statute of limitations bars her TILA claim. *See id.*

The district court also correctly held that there had been no violation of TILA's disclosure requirements. The disclosures in the TILA statement provided Walker regarding the finance charge, the APR, the amount financed, and the payment schedule were accurate and in compliance with TILA and its implementing regulations. *See* 15 U.S.C. § 1638; 12 C.F.R. § 226.4; 12 C.F.R. Pt. 226, Supp. I, at § 226.17(c), ¶ 12. Walker provided no evidence to the contrary. The Note and Rider, which Walker testified she read and signed, met the requirements of 12 C.F.R. Pt. 226, Supp. I, § 226.19(b)(2)(vii) concerning disclosure of the possibility of negative amortization. Thus, the district court did not err in granting summary judgment against Walker's TILA claim.

■ Summary judgment was properly granted against Walker's claim for fraudulent misrepresentation because it is subject to the three-year statute of limitations of Cal.Code Civ. Proc. § 338(4). *See Meadows v. Bicrodyne Corp.*, 785 F.2d 670, 672 (9th Cir.1986) (cause of action accrues when aggrieved party discovers facts constituting fraud). Her claim accrued at the latest in July 1994, when she knew the loan was negatively amortizing, more than three years before she filed her complaint.

Summary judgment was also properly granted against Walker's claims for wrongful foreclosure, forcible detainer, and RICO violations because her claims are based on alleged TILA violations. Since there were no violations, WMB rightfully foreclosed on Walker's house. Walker's RICO claim similarly fails: there was no mail fraud because there were no TILA violations.

Walker's motion to strike WMB's Answer because it was not verified was properly denied by the district court. The Federal Rules of Civil Procedure do not require that an answer be verified.

Walker's motions to compel the production of documents by WMB and to compel the deposition of MaryAnn Hopp were denied by Magistrate Judge Eick. Walker did not file objections to these rulings with

the district court as required by Fed. R.Civ.P. 72(a). Thus, she has forfeited her right to appellate review of these decisions. *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir.1996).

The district court did not abuse its discretion when it denied as moot Walker's motion to strike the affidavits filed by WMB in support of its motion for partial summary judgment.

Walker's motion for a continuance under Fed.R.Civ.P. 56(f) was properly denied because Walker's motion did not specify what evidence she sought to discover that might have precluded summary judgment. *See Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir.1998).

The district court did not abuse its discretion in issuing the motion pre-filing order. *See De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir.1990). The record indicates that Walker filed numerous unmeritorious motions during the course of the proceedings before the district court.

### CONCLUSION

The judgment of the district court is AFFIRMED.[1]

---

1. Walker's and WMB's requests for judicial notice are denied.

