NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

COUNTY OF CLARK,

   Plaintiff - Appellant,

v.

ORBITZ WORLDWIDE, LLC; et al.,

   Defendants - Appellees.

No. 24-688

D.C. No.
2:21-cv-01328-JCM-VCF

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted December 3, 2024
San Francisco, California

Before: BENNETT, BRESS, and FORREST, Circuit Judges.

Appellant County of Clark, Nevada ("County") sued Appellees, various web-based hotel booking companies or online travel companies ("OTCs"), seeking to recover allegedly owed transient lodging taxes. The district court granted summary judgment for the OTCs. The County appeals, challenging the district court's (1) refusal to remand the case to state court, (2) grant of summary judgment,

---

  * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

(3) denial of the motion for reconsideration under Federal Rule of Civil Procedure ("Rule") 59(e), and (4) denial of the request to certify questions to the Nevada Supreme Court. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1.     While we review a district court's remand decision de novo, we review its underlying factual findings for clear error. *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1237 (9th Cir. 2014). The district court did not err in denying the County's request to remand the case to state court.

There was complete diversity among the parties. Substantial evidence, including Nevada Secretary of State records, supports that Travelocity, Inc. merged into the surviving entity, Travelscape, LLC, in 2015—well before the complaint was filed in 2021. Under Nevada law, Travelocity, Inc. ceased to exist upon the merger. *See* Nev. Rev. Stat. § 92A.250(1)(a). Thus, the district court correctly determined that the naming of Travelocity, Inc. as a defendant did not defeat diversity under 28 U.S.C. § 1332(a). *See Meadows v. Bicrodyne Corp.*, 785 F.2d 670, 671–72 (9th Cir. 1986) (affirming the district court's determination that there was diversity because the named, non-diverse entity ceased to exist upon merger under California law).

In addition, the district court did not clearly err in finding that the amount-in-controversy requirement under 28 U.S.C. § 1332(a) had been satisfied. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (reviewing a district court's amount-in-controversy finding for "clear[] erro[r]"), *as amended on denial of reh'g*

*and reh'g en banc* (Feb. 13, 2006).  The complaint alleges that the OTCs have deprived the County of millions of dollars.  It also alleges that the County is entitled to punitive damages against each OTC, which, depending on the compensatory damages award, could be three times the compensatory damages award or $300,000.  Nev. Rev. Stat. § 42.005(1)(a)–(b).  *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.").  Based on these allegations, the damages sought by the County against each OTC exceeded $75,000.

2.  "We review the district court's grant of summary judgment *de novo,* construing the facts in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor."  *Earl v. Nielsen Media Rsch., Inc.*, 658 F.3d 1108, 1112 (9th Cir. 2011).

The County's ordinances make clear that only "operators" are subject to the transient lodging tax.[1]  *See, e.g.*, Clark County, Nev., Code § 4.08.010(a) (2024) ("All transient lodging taxes set forth in Sections 4.08.015 through 4.08.033 of this chapter *shall be collected from every operator* in Clark County . . . ." (emphasis added)); *id.* § 4.08.010(b) ("The tax, when due, constitutes a debt *owed by the operator* to the county . . . ." (emphasis added)); *id.* § 4.08.010(c) ("*The operator is*

---

[1] For this reason, we reject the County's argument that the definition of "transient lodging" in the Clark County, Nevada, Code defines who is subject to the tax.

*liable* to Clark County for the tax whether or not it is actually collected from the paying transient guest." (emphasis added)).

An "operator" is defined as:

> [T]he person who is the proprietor of a transient lodging establishment, whether in the capacity of owner, lessee, sublessee, mortgagee, licensee, or any other capacity. Where the operator performs his or her functions through a managing agent of any type or character other than an employee, the managing agent shall also be deemed an operator for the purposes of this chapter and shall have the same duties and liabilities as his or her principal.

*Id.* § 4.08.005(16).

Because no one argues that the County's ordinances conflict with the enabling statutes—Nev. Rev. Stat. §§ 244.3351, 244.3352—we treat the ordinances as binding.[2] *See City of Las Vegas v. Cragin Indus., Inc.*, 478 P.2d 585, 589 (Nev. 1970) ("When municipal authorities enact an ordinance it is not only binding on those persons and entities coming within its scope but it is also binding upon all municipal authorities until it is properly repealed . . . ."), *disapproved on other grounds by Sandy Valley Assocs. v. Sky Ranch Ests. Owners Ass'n*, 35 P.3d 964, 969 n.7 (Nev. 2001). Thus, the question is whether there is a genuine dispute that the OTCs are "operators" under the County's ordinances.

---

[2] Because the ordinances control, we need not and do not decide whether the district court properly concluded that the OTCs fall outside the statutory language of "persons in the business of providing lodging." *See* Nev. Rev. Stat. §§ 244.3351(1)(a)–(b), 244.3352(1).

The County concedes that the OTCs are not proprietors, but it maintains that they are managing agents for the hotels. Under Nevada law, managing agents are persons who have discretion or policy-making authority over an aspect of the principal's business. *Nittinger v. Holman*, 69 P.3d 688, 691–92 (Nev. 2003).

The County points to no evidence suggesting that the OTCs have discretion or policy-making authority over the hotels' businesses. That two OTC-hotel contracts fail to expressly disclaim an agency relationship does not evidence a managing agent relationship. The County also relies on Section D.4.b. of the "Expedia/Venetian contract." That section, however, does not show that Expedia has discretion concerning the Venetian's rate and tax policies. In fact, it shows that Expedia lacks discretion, as the provision states that Expedia must calculate the rates and taxes "in accordance with this Agreement" and "based on information entered by Hotel through its Approved Third Party Connectivity Partner." The provision also states that the hotel "will promptly notify Expedia if Hotel believes that Expedia has incorrectly derived any Rates," which further shows that Expedia lacks discretion to deviate from the terms of the contract. We see nothing in the contract that gives Expedia discretion or policy-making authority over the hotel's business. Similarly, we see nothing in the "Agoda/Oyo contract" that gives Agoda discretion or policy-making authority over the hotel's business.

Finally, the County claims that the OTCs are managing agents because they

offer and sell a right to possess a hotel room, enter into direct contractual relationships with consumers, collect and retain funds from consumers, and authorize cancellations and modifications to bookings. But even assuming all these claims are true, they merely show that the OTCs may perform specific tasks under the OTC-hotel contracts. They do not show that the OTCs can deviate from the hotels' policies or the contractual terms or exercise independent judgment over aspects of the hotels' businesses. *See Nittinger*, 69 P.3d at 692 (holding that a supervisor was not a managerial agent because there was "no evidence that [he] had the authority to deviate from the established policy or that he had any discretion or could exercise his independent judgment").

In sum, the County points to no "significant probative evidence tending to support," *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quoting *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968)), that the OTCs are managing agents for the hotels.

The County's discovery-related objections do not alter our conclusion. The County never objected to the magistrate judge's initial discovery order, which limited discovery to the OTC-hotel contracts and the parties' performance under those contracts. As for the magistrate judge's second discovery order, which denied in part the County's motion to compel, the County identifies no specific parts of that order that were erroneous and makes no specific arguments showing that the

magistrate judge abused his discretion considering his initial order limiting discovery (which, again, the County never challenged). We also see no error in the district court granting summary judgment without ordering supplemental briefing.

3. As relevant here, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence[] [or] (2) committed clear error or the initial decision was manifestly unjust." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). We review for abuse of discretion a district court's denial of a motion for reconsideration under Rule 59(e). *Id.* at 1262.

The County's evidence was not newly discovered, as it was all obtained before the district court granted summary judgment. *See Frederick S. Wyle Pro. Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985) (movant has the burden to show that evidence was newly discovered and could not have been discovered with reasonable diligence). The district court's grant of summary judgment was not clearly erroneous or manifestly unjust because, as discussed above, there is no genuine dispute that the OTCs are not "operators" subject to the tax. The district court therefore did not abuse its discretion in denying the motion for reconsideration.

4. "We review for abuse of discretion the district court's decision whether to certify a question to a state supreme court." *Riordan v. State Farm Mut. Auto. Ins.*, 589 F.3d 999, 1009 (9th Cir. 2009).

The County sought to certify questions asking whether the Nevada statutes, by authorizing the County to define "lodging" or "transient lodging," give the County authority to subject OTCs to the tax. But as discussed above, the County's ordinances already define who is subject to the tax: "operators." Because the relevant state law question—the meaning of "managing agent" under the County's ordinances—is clear under state law, certification was unwarranted. *See id.* (declining to certify "where the state law is clear"). Thus, the district court properly denied certification.[3]

**AFFIRMED.**

---

[3] For these same reasons, we deny the County's motion to certify the same questions to the Nevada Supreme Court. Dkt. No. 51.